MYERS *v.* MYERS.

1. APPEAL—DECREE—RECITALS—PRESUMPTIONS.

Recitals in a decree, though incorrect, will be treated as correct on appeal, where they were not brought to the attention of the trial court and corrected.

2. DIVORCE—SUPPORT OF CHILD—MODIFICATION OF DECREE.

On petition of a divorced husband for a modification of the decree in so far as it required him to pay for the support of a child, it appeared that the child was over 14 years of age, and that prior to the decree the husband and wife entered into a contract binding him to pay a specified sum per week for the support of the child until it attained the age of 14 years, and stipulating that he should have the right to visit the child from time to time. The decree required the husband to pay a like sum for the support of the child until further order of the court. The child, shortly before reaching 14, left the State, to live with its grandmother, residing in another State. *Held,* that the changed circumstances arising from the removal of the child from the State justified the granting of the petition.

Appeal from Saginaw; Beach, J. Submitted January 4, 1906. (Docket No. 5.) Decided January 24, 1906.

Bill by Flora E. Myers against Ellsworth O. Myers for a divorce. On petition of defendant to be relieved from contributing to the support of a minor child. From an order granting the prayer of petitioner, complainant appeals. Affirmed.

*F. E. Emerick*, for complainant.

*W. E. Crane*, for defendant.

BLAIR, J. Prior to May 4, 1903, the complainant, Flora E. Myers, filed her bill of complaint in the circuit court for the county of Saginaw in chancery against said defendant, praying for a decree of divorce. Answer and

replication were filed. The case was heard upon proofs taken in open court, and on May 4, 1903, the court rendered a final decree in the cause. By this decree a divorce was granted complainant, and the custody of the minor child of the parties, a girl, Estella, was awarded to the complainant "until she shall attain the age of 14 years, or until the further order of the court," and the decree further provided that the defendant pay to the register of the court, to aid in the support and education of the child, the sum of $2.50 per week from the date of the decree, payable weekly, until the further order of the court. The decree was duly enrolled on December 7, 1903. The defendant made the required payments until the child became 14 years of age, which occurred on November 28, 1904, at and after which time he refused to make any further payment or contribution whatsoever to the aid or support of the child. Subsequently proceedings for contempt were by the complainant instituted, which finally culminated in the issuance of an attachment, and on July 24, 1905, under the orders of the court and in the attachment proceedings, he paid the balance then due under the decree.

On July 20, 1905, and pending the attachment proceedings, the defendant made and filed a petition in the cause, praying therein that the decree be reformed and modified so as to relieve him from any further payment whatsoever for the support of the child. To this petition complainant filed her answer. On July 24, 1905, the matter of said petition came on to be heard in open court, and after argument of counsel the court filed an opinion and made a final order in the case, granting the prayer of the petition. From that final order so modifying the decree, complainant has appealed.

The decree complained of contains the following recital, viz.: "And both parties being ready for the hearing and consenting to the matter being heard by the court upon the petition as filed and the objections as made by com-

plainant," etc.   Counsel for complainant now urge that the court was in error in making this recital, and call attention to a claimed objection on their part to hearing the case as it then stood, without replication or proofs.   If the recital in the decree was incorrect, it should have been brought to the attention of the court and corrected.   We must treat the recital as correctly stating the fact.

It is contended that no new facts, arising since the decree, were shown which would authorize the court to modify the decree; citing *Smith* v. *Smith,* 139 Mich. 133. Prior to the making of the decree for divorce the parties entered into a contract, whereby, amongst other things, the defendant, Ellsworth O. Myers, in the event of a decree of divorce being granted, agreed "to pay to the register of the court for the support of the minor child the sum of $2.50 per week until she shall attain the age of 14 years, but it is understood and agreed that the father may visit the child, and that she may visit him from time to time and at such reasonable times as circumstances shall warrant."   In June, 1904, the child left the State of Michigan and went to South Carolina, whence she went to Wisconsin to live with her grandmother, in September, 1904, where she was still staying at the time of modifying the decree in July, 1905.   If any change of circumstances or new facts arising since the decree were necessary to be shown, under the contract and decree in this case, they may be found in the prolonged absence of the daughter from the State of Michigan, and the inability to visit her, guaranteed to defendant by the contract, with no assurance that the daughter will ever return to this State.

The decree is affirmed, but without costs.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.