James J. Conroy, J.
This is a motion by the plaintiff for leave to enter a money judgment against the defendant, pursuant to section 1171-b of the Civil Practice Act, for the accrued support payments on behalf of the infant children of the parties from April 19,1957 to May 9,1958, totaling $1,100.
The defendant does not deny that he stopped the aforesaid payments. He contends, however, that this court in the exercise of its discretion should withhold the relief sought by the plaintiff, upon the ground, among others, that for a period of upwards of 20 months plaintiff has remained out of this jurisdiction with the two infant children of the parties (in the State of Florida, where plaintiff has since obtained her divorce), thereby effectively frustrating and depriving the defendant, as well as the children, of visitation rights in accordance with the provisions of the judgment of separation of this court, dated April 19,1956.
Section 1171-b of the Civil Practice Act, pursuant to which plaintiff seeks to docket a money judgment, vests this court with discretion to make an order directing the entry of judgment for the amount of the arrears “ or for such part thereof as justice requires having regard to the circumstances of the respective parties ”. This court is of the opinion that the foregoing statute permits equitable as well as financial circumstances to be considered in determining the exercise of discretion. The fact that the plaintiff has willfully violated the decree she seeks to enforce by removing her infant children to Florida, and thereby effectively depriving them of the visitation rights which were granted to them and to their father in the selfsame judgment, is an equitable consideration which cannot be ignored by this court when the plaintiff invokes its discretion to obtain affirmative relief by docketing a money judgment for unpaid support.
Accordingly, the motion is denied, without prejudice to the enforcement of future support when the children are returned to this jurisdiction and the defendant enabled to resume his rights of visitation as provided in the judgment of this court. (Cf. Goldner v. Goldner, 284 App. Div. 961, affd. 309 N. Y. 675.)
Settle order.