JEAN L. PRELL, APPELLANT, V. BILLIE EDWARD PRELL, APPELLEE.

149 N. W. 2d 104

Filed March 10, 1967. No. 36472.

William L. Walker and Earl Ludlam, for appellant.

Farley Young, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is an appeal from an order of the separate juvenile court reducing the amount of child support payments in a divorce decree.

The original divorce decree entered July 13, 1964, granted the defendant right of visitation at reasonable times and places and provided for child support in the sum of $87.50 per month for each of two children, a total of $175 per month. The defendant filed a petition to amend the decree on March 26, 1965. The evidence shows that the plaintiff had substantially interfered with the defendant's right of visitation following the entry of the original decree. In February 1965, she removed the children to California without the knowl-

edge or consent of the defendant or the court. The separate juvenile court modified the decree by reducing the child support to $62.50 per month for each child as long as the minor children of the parties remained outside the jurisdiction of the court. Plaintiff has appealed.

The evidence shows no substantial change in the defendant's financial condition. There is no evidence as to financial requirements of the children. The plaintiff contends that there is, therefore, no evidence of a change of circumstances sufficient to justify modification. We cannot agree.

We hold that where the decree of divorce gives visitation rights, the law contemplates that the children shall remain within the state so that the rights may be exercised. The mother's removal of the children from the state without the consent of the father or of the court may be sufficient change of circumstances to justify the court in suspending or reducing the amount of child support payments until the children have returned to the state. See Annotation, 95 A. L. R. 2d 118.

The determination of the trial court with respect to child support will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. Johnson v. Johnson, 177 Neb. 445, 129 N. W. 2d 262.

The judgment is affirmed.

AFFIRMED.