### Glenneta B. WARDLE, Appellant (Plaintiff below),

v.

### Frank WARDLE, Jr., Appellee (Defendant below).

#### No. 3766.

Supreme Court of Wyoming.

Feb. 4, 1970.

James E. Birchby, of Birchby & Birchby, Sheridan, for appellant.

Harry F. Schwartz, Sheridan, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Glenneta B. Wardle, the divorced wife of Frank Wardle, Jr., sought by motion to have an assessment made by the district court for past child-support payments. Her motion was heard December 4, 1968.

The court refused to assess arrearages in child-support payments. Instead, it modified the divorce decree by cancelling past child-support payments. It also forgave

the husband for future support payments until the month of August 1969, which was approximately eight months after the hearing.

The order of the court provided there would be a further hearing when August 1969 arrived, upon the petition of either party; and according to the order, if it appears that the plaintiff (wife) has complied with the custody provisions of the divorce decree and further orders of the court, thereby purging herself of her contempt of court, the court will make and enter a further order in relation to future support payments. Although it was not a part of the court's order, the judge indicated orally that it may be necessary because of economic change in circumstances to increase the monthly allowance for child support, when there is a further hearing.

The divorce here involved was granted in 1956. In the decree, custody of the parties' two minor children was awarded to the mother. The father was ordered to pay $70 per month for their support. However, custody of the two children was awarded to the father during summer months, and he was relieved from making support payments while the children were with him.

Support payments were made through July 1959. The youngest child then reached six years of age and the father sought summer custody. Apparently the mother refused to permit such custody. She also declined to appear at a hearing to consider her contempt, and she was adjudged in contempt. Since prior to August 1, 1959, appellant has lived at Denver, Colorado. She remarried and is now the wife of James F. Hayes.

Appellant is a registered nurse and has been employed since the time of her divorce from Wardle. It seems entirely clear to us that appellant was unwilling to surrender the children to their father during summer months; and that she elected to forego any court action to enforce support payments as long as she was not compelled to surrender the children during the summer months.

On the other hand, it seems equally clear that Wardle was content to forego any action to compel surrender of the children during summer months as long as he was not being compelled to make support payments.

As far as the parties only are concerned, their mutual consent to and acquiescence in the stand-off arrangement about custody and support payments was equivalent to an implied agreement between them. Such an arrangement, by mutual acquiescence, was not, however, binding on the court; and it certainly could have no effect insofar as the welfare of the children is concerned. Moreover, there was nothing to prevent either party from discontinuing his or her consent to the stand-off arrangement at any time.

## Can Arrearages Be Cancelled?

It is undisputed in the evidence that the children involved have been well provided for and supported since August 1959, by their mother and stepfather. It is not made to appear that their welfare requires the father to make back support payments to the mother. Testimony offered by the mother, however, indicates the stepfather has been ill and is not a well man; that he was unemployed at the time of the hearing; and that there is now a need for Wardle's assistance in supporting the children. Wardle has not attempted to deny the need for his assistance in supporting the children from and after the date of the December 4, 1968 hearing.

Section 20–66, W.S.1957, provides that, after a divorce decree with allowance for the wife or children, the court may from time to time revise and alter such decree respecting the amount of the allowance. Specific authorization is contained in the section for the court to:

"* * * make any decree respecting any of said matters which such court might have made in the original action."

Counsel for both parties agree there are only five other states which have a statute similar to our § 20-66, with statutory authorization for the trial court to make any decree after divorce respecting allowances for the wife or children which it might have made in the original action.

The annotation in 6 A.L.R.2d 1277, 1293 (§ 8), sets forth that four of the five other states which have wording in their statutes similar to the language we have quoted from § 20-66 (Massachusetts, Michigan, Minnesota and Wisconsin) follow the rule that a trial court may cancel arrearages. The remaining state (Nebraska) considers the law well settled in that state that installments of alimony become vested as they accrue; that past-due installments become final judgments; and that courts have no authority to cancel or reduce the amount of accrued payments. See Clark v. Clark, 139 Neb. 446, 297 N.W. 661, 663.

We take the position that since August 1959 both Wardle and his former wife mutually consented and impliedly agreed that the wife would support the children and forego the benefit of child-support payments from Wardle and that he would forego the right to have custody of his children during summer months. Thus, the implied agreement of the parties, subsequent to the decree, prevented vested rights from accruing to either party (as far as the parties only are concerned). The case takes on a different complexion from one where only the husband is in default by failing to make monthly alimony or support payments.

Under equitable principles, it is within the prerogatives of a trial court to leave the parties where they are, as far as *past* payments are concerned—if the court considers it equitable and right to do so and if that can be done without jeopardizing the welfare of the children. If we were to apply appellant's theory of a "vested" right, the courts would be powerless to apply equity.

In Urbach v. Urbach, 52 Wyo. 207, 73 P.2d 953, 960, 113 A.L.R. 889, Chief Justice Blume pointed out that our district courts administer all law—the common law, statutory law, and principles of equity. At 73 P.2d 961, he concluded the grant of statutory power to provide for the custody and care of children in connection with a divorce decree does not abrogate the equitable powers of the court existing independent thereof. It follows from this that the equitable powers of the court likewise exist in an action having to do with unpaid child-support installments.

In Duffy v. Duffy, 19 N.J.Misc. 332, 19 A.2d 236, 237, where it was argued that arrearages became vested as they accrued, the court said, were this the law, the court would be powerless to apply equitable principles in the administration of its statutory jurisdiction over alimony and maintenance. It went on to say, if the court could not apply equitable principles, it would be obliged to act as a mere administrative agency, impotent to prevent its processes from being employed in the furtherance of inequity and injustice.

In Turner v. Turner, 17 Misc.2d 50, 184 N.Y.S.2d 477, 478-479, the court was concerned with the fact that a mother removed her children to Florida and thereby effectively deprived them of the visitation rights which had been granted to them and the father. It said this conduct of the mother was an equitable consideration which could not be ignored when the mother sought affirmative relief in the form of a money judgment for unpaid support. A motion for assessment of arrearages was denied, without prejudice to the enforcement of future support when the children are returned to the court's jurisdiction and the father is enabled to resume his visitation rights.

There have been numerous decisions holding the violation of custody provisions in a divorce decree constitutes a change in

circumstances sufficient to justify the cancelling of arrearages and suspending of future payments. See Myers v. Myers, 143 Mich. 32, 106 N.W. 402, 403; McLauchlin v. McLauchlin, 372 Mich. 275, 125 N.W.2d 867, 868–869. See also Annotation 95 A.L.R.2d 118, 128.

Even in Nebraska, in Prell v. Prell, 181 Neb. 504, 149 N.W.2d 104, 105, the Nebraska Supreme Court held that removal of the children from the state, without the father's consent, may be a sufficient change of circumstances to justify suspending or reducing support payments until the children have been returned.

The matter of the Wardle children living in Colorado is not contrary to the decree; and the trial court has not sought, by withholding support payments, to compel their return to Wyoming. However, the matter of the mother's denial of the father's custody rights during summer months is involved. We think her conduct in that regard was sufficient, both in equity and under the explicit language of § 20–66, W.S. 1957, to justify the trial court's refusal to assess arrearages in child-support payments.

### Future Payments

When Mrs. Hayes (the former Mrs. Wardle) filed her motion for assessment of arrearages and to compel the payment of future support payments, we consider she terminated all implied consent on her part to support the children without assistance from their father. She placed in the hands of the court the responsibility for providing for the welfare of the children from that time on.

We think the court was not warranted in forgiving future payments. To do so was to penalize the children. Their need was apparent from the testimony and was not in fact denied. The hearing was in December, which was not at a time when the father of the children was entitled to custody.

Apparently the trial court adopted the theory that the mother could not purge her contempt until another summer came and the mother permitted the children to be with their father. It may be that the mother would not purge her contempt until she was able to show what her future conduct would be. But she should not be punished by taking present and future support from the children. As stated in Kirkwood v. Kirkwood, 83 Idaho 444, 363 P.2d 1016, 1019–1020, 95 A.L.R.2d 112, compliance with a decree must be enforced by other remedies.

In her testimony at the hearing on her motion, appellant expressed her willingness for the father now to have the children with him during summer months. Courts must not assume their orders are going to be violated. Therefore, where the welfare of the children was involved from and after December 4, 1968, the court should not have forgiven future support payments on the assumption plaintiff would thereafter deny defendant custody and visitation rights awarded in the original decree.

Not to be overlooked is the fact that Wardle failed for some nine years to comply with the divorce decree by failing to make support payments ordered in the decree. From the evidence adduced, it is just as reasonable to expect future compliance on the part of plaintiff as it is to expect future compliance on the part of Wardle. To forgive any future compliance on the part of the father while ordering and expecting future compliance on the part of the mother is not equitable or proper.

The court having indicated it was of the opinion that $35 per child per month was no longer sufficient because of changed economic circumstances, it should determine what, if any, change in the amount of support payments needs to be made. It

should order the husband to make such support payments commencing as of December 4, 1968.

If it is deemed necessary, it would be proper for the court to reorder plaintiff to abide by the custody provisions of the original decree, consideration being given to the need or lack of need for a bond for plaintiff's compliance. In the event either party hereafter fails to abide by the court's orders, appropriate action can be taken by the court upon proper application by the aggrieved party. This applies both to a failure on the part of the husband to make support payments and to a failure on the part of the wife to abide by provisions of the decree relating to custody.

That portion of the district court's order which forgave support payments after December 4, 1968 is rescinded.

Case remanded for further proceedings not inconsistent with this opinion.