THOMAS V. HOFFMANN, APPELLANT, V. RUTH A. HOFFMANN, APPELLEE.

197 N. W. 2d 373

Filed May 12, 1972. No. 38098.

Quigley, Dill & Quigley, for appellant.

Reddish, Fiebig & Curtiss, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Ruth A. Hoffmann, the defendant, was granted an uncontested divorce from the plaintiff, Thomas V. Hoffmann, as well as the custody of their three minor children. No appeal is being taken on this portion of the decree. In a separate hearing the district court deter-

mined the issues of alimony, child support, and division of property. The appeal herein involves only one question: The size of the alimony award. We affirm.

The factors to be considered by this court in the determination of the excessiveness or sufficiency of an alimony award are well established. See Strasser v. Strasser (1950), 153 Neb. 288, 44 N. W. 2d 508.

The trial court ordered plaintiff to pay $210 per month child support and alimony in the amount of $70,750 in 10 equal annual installments of $7,075 each. The alimony installments were to be secured by plaintiff's written bond for $70,750, secured by a pledge of 115 shares of stock in the Hoffmann Cattle Company. The court further awarded the defendant the family car and various other items of personal property; ordered the plaintiff to pay certain of defendant's debts, in the amount of $2,707.35; the defendant's legal fees; and all costs of the action.

The parties were married in September 1958, and are both in their early thirties. There is evidence in the record that the defendant does have some health problems, and during the marriage incurred substantial medical bills. In 1969, she underwent ovary surgery and is now required to take hormone shots, and will do so for the remainder of her life. Her drug bills are and will continue to be substantial. The plaintiff has a degree in animal husbandry from the University of Nebraska. The defendant completed 1 year of college. At the beginning of their marriage they lived together on various military bases until the plaintiff was discharged from the Army in November 1960. They then moved to a ranch owned by plaintiff's parents in Cherry County, Nebraska.

When the parties separated in 1967, the defendant moved to Alliance, Nebraska; set up a separate home for herself and her children; and attempted to support herself on a monthly temporary alimony award of $225. They lived in a house owned by her father and some

other relatives. A rental arrangement was made, but the defendant testified that she was unable to pay any rent. Since 1967, the record indicates that defendant has attempted to supplement her income by taking odd jobs, such as ironing, caring for an elderly woman, giving music lessons, and acting as a census numerator. The usual difficulties of attempting to fit responsible employment into the necessities and requirements of motherhood appear in this record. Her income from these jobs was of such limited amounts as to be of little significance in the determination of the issues in this case.

The record shows that defendant quit college in order to marry, and, after occupying herself as a housewife and mother for the intervening years, is now in the unenviable position of having to support herself and her three growing children while being qualified only for menial or low-paying jobs. She has enrolled in Chadron State College in order to improve her earning ability. She has joined in a car pool with other local women for the purpose of commuting. Under present conditions, she can complete her education and acquire a teaching certificate in 5 years. She appears to be an energetic and capable woman and, health permitting, has worked out a practical solution to her financial problem in attempting to train herself for suitable employment. If she can secure the necessary means to accomplish this purpose, she will be restored to the roll of a self-supporting and productive member of society, besides being able to adequately care for and raise her children. It appears without dispute that in the absence of an adequate alimony award, she will be unable to execute this laudable plan because it will be impossible for her to secure the funds for its achievement.

The plaintiff is employed by the Hoffmann Cattle Company and draws an annual salary of $4,800 per year. The corporation also furnishes him a trailer home on the ranch; pays for health insurance for himself and

family; furnishes him meat; and pays $25 monthly to an investment company for him. His income from the corporation in the 4 years preceding 1970, averaged $6,463. His assets, other than his stock in the Hoffmann Cattle Company, total $4,420.27. The Hoffmann Cattle Company is a subchapter "S" corporation, owned entirely by the Hoffmann family. It was originally organized by the plaintiff's father. It is a 13,280-acre ranch in Cherry County, Nebraska. The assets of the corporation, including real estate, livestock, machinery, and cash, are presently worth $870,010.23. The court arrived at the book value of plaintiff's corporate stock by taking current values on the day of the trial, which values were stipulated by the parties. At the present time, of 1,400 shares of outstanding stock, the plaintiff owns 450 shares. His brother owns an identical number, and his father retains 500 shares. The difficult aspect of this case, and the one stressed at length by plaintiff, is the problem created by the corporate ownership of the ranch property and the fact plaintiff is a minority stockholder. Plaintiff's stock interest as of the date of the trial had a book value of $279,643.50.

The fixing of the amount of alimony rests, in each case, within the sound discretion of the court. Neeman v. Neeman (1968), 183 Neb. 105, 158 N. W. 2d 236. This court has observed many times that the problems of alimony awards are not subject to solution by mathematical formula. Generally speaking, awards of this court in cases of this kind vary from one-half to one-third of the value of the property, depending on the facts and circumstances of the particular case. Loukota v. Loukota (1964), 177 Neb. 355, 128 N. W. 2d 809.

The plaintiff is the present owner of property with a value in excess of $280,000, which must be considered. Present income from a family corporation cannot be the sole criterion where a party is the owner of a substantial interest, even though a minority one, in that corporation. The trial court was faced with

the problem of making a division of that interest. We cannot say it abused its discretion in doing so. Rather than making a distribution of the shares of stock in the corporation, it gave defendant an amount the present value of which is considerably less than one-fifth, payable over a period of 10 years. Under the circumstances presented by this record, we cannot conclude the trial court dealt unfairly or unreasonably with the plaintiff in this respect, and its decision is approved.

The defendant is awarded $500 for the services of her attorney in this court.

AFFIRMED.