LOTUS JOAN PERSON, APPELLANT AND CROSS-APPELLEE, V.
LEWIS E. PERSON, APPELLEE AND CROSS-APPELLANT.

202 N. W. 2d 629

Filed December 1, 1972. No. 38456.

Alfred A. Fiedler of Fiedler & Fiedler, for appellant.

McGroarty & Welch, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is a divorce action. On appeal plaintiff contends that allowances for child support, alimony, and attorney's fees are inadequate. Defendant cross-appeals because the decree fails to provide for adjustment or termination of alimony payments in the event of a material change in the circumstances of the parties or the death or remarriage of plaintiff. We affirm the judgment subject to modifications set out herein.

The parties had two minor children remaining in the home. Custody of the son, age 10, was awarded to plaintiff, and custody of the 19-year-old daughter to defendant.

The only property owned by the parties was their home, household goods, and two automobiles. There were stock brokerage accounts in the names of defendant and his widowed mother as joint tenants. The undisputed evidence reflects that these accounts were the separately property of the mother placed in joint tenancy so that defendant could handle them for her and as compensation he was permitted to draw on the earnings

of the accounts. The trial court correctly refused to consider the stock accounts in fixing alimony, with the exception of the income received by defendant from them. The residence was subsequently sold and netted approximately $15,000 over and above liens.

Under the decree the proceeds from the home were equally divided. Each party received an automobile and the household goods were divided.

Defendant was 53 years of age. It was stipulated that his take-home pay was $1,606.82 monthly. In addition, during the years 1969 and 1970, he received from the stock accounts $1,424.60 and $5,655.65 respectively.

The decree awarded to plaintiff the sum of $150 per month as support for the 10-year-old boy and required defendant to carry adequate medical and hospital insurance to cover him. Defendant was also to pay any unusual medical or dental charges and was allowed to claim him as a dependent for tax exemption purposes.

Plaintiff was awarded alimony in the sum of $70,000, payable at the rate of $500 per month for a period of 11 years and 8 months. Defendant was required to maintain his present life insurance program. The evidence is not entirely clear in regard to the insurance but apparently plaintiff is the principal beneficiary. Defendant was directed to pay costs, including fees for plaintiff's attorney.

With the exception of his share of the money received from the sale of the residence, defendant has no assets of consequence. He is dependent upon his earnings. Under the circumstances we find plaintiff to have been very fairly treated.

Defendant has cross-appealed requesting that the alimony payments be terminated in the event of the death or remarriage of plaintiff. Since alimony is designed to provide necessary support, it would seem superfluous to require the continuance of the payments under such circumstances. The decree is modified in this respect.

The fixing of child support and alimony rests in the

sound discretion of the court and, in the absence of an abuse of discretion, will not be disturbed. See, Neeman v. Neeman, 183 Neb. 105, 158 N. W. 2d 236; Johnson v. Johnson, 177 Neb. 445, 129 N. W. 2d 262.

On examination of the record, we believe that the allowance of fees for plaintiff's attorney in the district court was fair and adequate.

The judgment of the district court is affirmed except that alimony payments shall cease in the event of the death or remarriage of plaintiff. Plaintiff is allowed $350 for services of her attorney in this court.

AFFIRMED AS MODIFIED.

SMITH, J., dissents.