EDWARD ALBRECHT, APPELLANT, V. PEARL ALBRECHT, APPELLEE.

208 N. W. 2d 669

Filed June 22, 1973. No. 38876.

William L. Walker and Earl Ludlam, for appellant.

Fred J. Swihart, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This is a divorce action. Appellant appeals the allowance of alimony in the amount of $300 per month for a period of 120 months, with the proviso that it cease and terminate on the death or remarriage of the appellee. We affirm.

The parties concede that the marriage relation is irretrievably broken. The trial court divided the property of the parties on an approximately equal basis. Appellant makes no complaint as to the division of the property.

At the time plaintiff-appellant filed this action, December 14, 1971, he was a postal clerk earning approxi-

mately $11,000 annually. Appellant left the home of the parties December 24, 1970. The parties have not lived together since that time. In June of 1972, while this action was pending, appellant, who was 53 years of age and had 31 years of service with the Post Office Department, elected to take an optional retirement then being offered by the department. His retirement income is $494 per month. After the deduction of an annuity payment and insurance, he has a net income of $453 from this source. Since his retirement, appellant, who is able-bodied and in good health, has taken a part-time janitorial job which pays him about $60 per month. He also has income from his 80-acre farm on which he works from 4 to 10 hours a day.

Appellee-defendant is 51 years of age. She suffers with a spastic colon which has prevented her from holding employment outside the home for the last 4 years. She had been steadily employed previously from the time of the marriage except for two short periods for the birth of the two children of the parties. These children are now of age.

Section 42-365, R. S. Supp., 1972, provides in part: "When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, and the ability of the supported party to engage in gainful employment * * *."

The fixing of alimony rests in the sound discretion of the court and in the absence of an abuse of discretion will not be disturbed on appeal. Person v. Person (1972), 189 Neb. 329, 202 N. W. 2d 629. On a review of the record herein, we cannot say that the trial court abused its discretion.

The judgment of the District Court is affirmed. Appellee is allowed $250 for the services of her attorney in this court.

AFFIRMED.