CAROLYN BLIVEN, APPELLANT, V. JAMES BLIVEN, APPELLEE.
209 N. W. 2d 168

Filed July 6, 1973. No. 38937.

Norris G. Leamer and Leamer & Galvin, for appellant.

Johansen, Clemens & Johansen and Raymond B. Johansen, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

Carolyn Bliven, the plaintiff in this divorce action, has appealed from the decree of the District Court contending that the property settlement and the provisions for alimony and child support are insufficient. We affirm the decree of the District Court.

The parties were married on June 12, 1965. The petition for divorce was filed May 12, 1972. The trial in the District Court was on September 19, 1972. Both parties were then 28 years old. Two children were born to the marriage, both girls, one age 6 and the other age 2 at the time of trial. The wife was given custody of the children.

At the time of the marriage, the husband had approximately $7,000 in assets, consisting of a car and some farm machinery. He had had 2 years of college education. During the entire period of the marriage, the husband has been a tenant farmer. His income during the period of the marriage averaged approximately $6,500 per year. In the 3 years immediately before the hearing, his income averaged approximately $10,000 a year. He estimated in September that his income for 1972 would be approximately $2,200.

At the time of the marriage, the wife had completed 3 years of college. Following the marriage she completed her college education and has taught school since 1967. Her salary at the time of the trial was approximately $7,100 per year.

At the time of the divorce, the combined assets of the parties, aside from the household goods, personal effects, and plaintiff's car, totaled approximately $12,000. Approximately $10,000 of that sum was the value of defendant's farm machinery and the remaining sum of less than $2,000 was in cash or in bank accounts held in plaintiff's name or jointly. The household goods and plaintiff's personal effects and the car were valued by her at $3,000 and were assigned to her. In addition to assigning that property to her, the District Court found that "as a property settlement and alimony the Petitioner shall receive $10,000.00. $4,000.00 payable now as hereinafter provided and $600.00 per year starting January 1, 1973 and on the first day of each January thereafter until fully paid. * * * The aforesaid alimony payments shall terminate upon the death of either party or the remarriage of the Petitioner." The $4,000 was to be paid by the application of the cash and checking accounts of approximately $1,800 with the defendant to pay the remaining $2,200.

The court also required the defendant to pay as child support $150 per month, $75 for each child. In addition, the defendant was required to maintain a hospital and

medical insurance policy for the children or pay any unusual medical or dental bills for the two children.

The plaintiff contends that the bank accounts in her name which were applied to the $4,000 payment in connection with the property division, although accumulated during the marriage, belonged solely to her and should not have been applied nor included in any computation of the combined assets of the parties. She also contends that the manner of paying the $6,000 of alimony and the provision to terminate it on the death of either party or the remarriage of the plaintiff was an abuse of discretion. She also contends that the amount of child support is insufficient.

The rules for determining alimony or division of property in a divorce action provide no mathematical formula by which such awards can be precisely determined. They are always to be determined by the facts in each case and courts will consider all pertinent facts in reaching an award that is just and equitable. Corn v. Corn, *ante* p. 383, 208 N. W. 2d 678.

In this case the defendant had $7,000 of separate property at the time of the marriage. It was mostly farm machinery. At the conclusion of the marriage he was assigned all the farm machinery, which was worth approximately $10,000. The increase in value was $3,000. The plaintiff, who brought no property to the marriage, received $3,000 in household goods, personal effects, and an automobile, plus $4,000 in cash and, in addition, an award of alimony of $6,000 payable over a period of less than 10 years but terminable upon the death of either party or her remarriage. She is 28 years of age, is a qualified teacher and has been teaching since 1967.

Section 42-365, R. S. Supp., 1972, provides for payment of reasonable alimony "having regard for the circumstances of the parties, duration of the marriage, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party." That

section also specifically provides: "Except as otherwise agreed by the parties in writing or by order of the court, alimony orders shall terminate upon the death of either party or the remarriage of the recipient."

The fixing of the amount of alimony rests in the sound discretion of the court. Hoffmann v. Hoffmann, 188 Neb. 408, 197 N. W. 2d 373. Under the circumstances here, the property division and alimony awards were reasonable and there was no abuse of discretion.

The plaintiff also asserts that the amount of child support is wholly insufficient. She estimated that the cost of supporting each child was $200 per month. In determining the amount of child support to be awarded, the status, character, and situation of the parties and all the attendant circumstances must be considered and the amount determined in accordance with the best judgment and sound discretion of the court. Johnson v. Johnson, 177 Neb. 445, 129 N. W. 2d 262. In determining the situation and circumstances of the parties, the financial position of the husband, as well as the estimated costs of supporting the children, must be taken into account. Any judgment of what is a fair amount of child support includes not only a consideration of the circumstances of the children but of the father as well. See Fogel v. Fogel, 184 Neb. 425, 168 N. W. 2d 275. Here the husband testified without direct contradiction that his estimated income for 1972 would be approximately $2,200. The court in considering that testimony could consider the past record and could take judicial notice of the uncertainties of farm income. While the amount of child support may be somewhat small in an inflationary economy, it was not unreasonably so under the circumstances disclosed by the evidence at the time of trial.

The plaintiff complains that she was not allowed to introduce evidence of any possible inheritance which the defendant may receive in the future. The trial court's refusal to accept such testimony was clearly

correct. It should be noted here that orders for child support may be modified or altered at any time in the event of a change of circumstances or for good cause. See, Fogel v. Fogel, *supra;* § 42-365, R. S. Supp., 1972.

The provisions of the decree here were reasonable in view of all the circumstances reflected by the evidence. There was no abuse of discretion. The decree of the District Court was correct and is affirmed. Plaintiff is allowed an attorney's fee of $400 for services in this court.

AFFIRMED.