WILLA D. SOMMERS, APPELLANT, v. JACK E. SOMMERS, APPELLEE.

215 N. W. 2d 84

Filed February 21, 1974. No. 39180.

William A. Wieland of Swartz & Wieland, for appellant.

Rollin R. Bailey of Davis, Bailey, Polsky, Huff & Denney, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and RONIN, District Judge.

NEWTON, J.

This is a divorce action. The sole questions raised deal with the propriety of the division of property and allowances of alimony and child support. We affirm the judgment of the District Court.

The parties were married in 1957 and two daughters, ages 10 and 11, were born to them. Custody was awarded to the mother, the petitioner in this action and the appellant on appeal. Both parties were working at the time of the divorce, petitioner's take-home pay being $385.66 per month and respondent's about $680. Petitioner had received an inheritance of $13,975 which was used for family purposes, with $7,500 being invested in the home property consisting of 16⅓ acres having a stipulated value of $47,667. This valuation rated the improvements at $15,000 and the land at $2,000 per acre. Petitioner was awarded 5.41 acres on which the improvements were located with a stipulated value of $25,820, the balance of the land valued at about $21,847 going to respondent. Household furnishings and a 1969 Thunderbird automobile of unspecified value were awarded to petitioner. Respondent was awarded a 1965 Ford pickup valued at $500, a 1967 Chevrolet van valued at $1,000, a Ford tractor of minimal value, and 42 hogs valued at $1,500. Respondent was required to pay all taxes then due on the real estate and each party assumed one-half of the outstanding mortgage. Although not specifically mentioned as to payment respondent also had outstanding debts of $1,250. He was directed to pay $170 per month child support and costs, including attorney's fees. No cash alimony was awarded. Respondent apparently had no savings as his income through the years had gone to support his family.

It appears that both of the parties had contributed to the family assets. There was an approximately equal division of these assets. Respondent's earnings are not overly substantial and the child-support allowance appears reasonable, particularly in view of the fact that the wife and children will have the benefit of the family home and its furnishings. Should conditions change, this is subject to adjustment.

"The fixing of child support and alimony rests in the

sound discretion of the court and, in the absence of an abuse of discretion, will not be disturbed." Person v. Person, 189 Neb. 329, 202 N. W. 2d 629. See, also, Prell v. Prell, 181 Neb. 504, 149 N. W. 2d 104; Martin v. Martin, 188 Neb. 393, 197 N. W. 2d 388.

No abuse of discretion appearing, the judgment of the District Court is affirmed. Costs, including an allowance to petitioner of attorney's fees in the sum of $350, are taxed to respondent.

AFFIRMED.