LEE G. PEERY, APPELLANT, V. WILLIAM R. PEERY, APPELLEE.

217 N. W. 2d 837

Filed May 9, 1974. No. 39276.

James R. Welsh of Riedman & Welsh, for appellant.

Hal Bauer of Bauer, Galter, Scott & Geier, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and FLORY, District Judge.

WHITE, C. J.

This is an appeal by the plaintiff wife from a decree of marriage dissolution. The only questions presented are the division of the parties' property, the amount of alimony, and the child support award. We affirm the judgment and decree of the District Court as hereinafter modified.

At the time of the trial, the plaintiff was 38 years of age, and the defendant was 36 years of age. They were married in 1961 in Grand Island, Nebraska. They lived in Grand Island until May 1962; then they moved to St. Louis, Missouri, for 2 weeks and to Omaha, Nebraska, for about 6 months. Lincoln, Nebraska, became their home in January 1963. The plaintiff had a daughter by a previous marriage, Deborah, who was 17 years of age at the time of the trial. Deborah was in the custody of the juvenile court and was living in a foster home. The parties had one son, Michael, age 9. The plaintiff was born and raised in Germany. She attended high school there; German high school is 2 years longer than American high school. She also attended business school for 6 months before the marriage and for a relatively short time thereafter was employed as a bookkeeper. The plaintiff's health appears generally to be good. She has had some difficulty with her back, and has had a hernia operation and there is a possibility of another such operation.

Each party has personal debts of around $600. In 1967, with a downpayment of $10,000 the parties pur-

chased a home at 3810 Prescott Avenue in Lincoln, Nebraska. Around $3,500 of this downpayment was derived from the sale of property of the defendant in Grand Island, Nebraska, which was owned by him prior to the marriage. A real estate firm appraised the house in the sum of $42,500. The defendant estimates its value at $45,000. The plaintiff testified that the house was worth between $35,000 and $38,000. There was approximately $14,000 due on the mortgage at the time of the trial. The defendant's gross income, derived from the position as a sales manager, was approximately $19,000 annually during the 5 years preceding the dissolution of the marriage. But the testimony is undisputed that he has received a demotion and will lose income of between $8,500 and $9,000 per year. It also appears that this income is derived from commissions, and in his job he must travel extensively, for which he is not reimbursed by his employer. His present expenses include $42 monthly for rent and $100 for car expense. It also appears that the loss of his managerial commissions from his demotion may be compensated to some extent by the fact that he will have more time to sell direct insurance. He does not have a fixed established executive or managerial position, and his job as commission salesman is burdened with the usual uncertainties involved in sales work and changes in general economic conditions.

The District Court entered a modified decree in which the plaintiff was given possession of the home property until the minor child of the parties reaches majority, is married, self-supporting, or dies. The decree requires the plaintiff to occupy the home property until one of these conditions happens and *then* the property is ordered sold, and the proceeds therefrom divided equally between the parties. In addition thereto, the plaintiff is to be given credit for her payments on the mortgage loan to the extent that such mortgage balance is reduced from and after the date of the decree. The plaintiff was awarded the household furniture and furnishings in the home, valued

at $2,500 to $5,000. She was given the 1966 Ford Mustang automobile. She was also awarded alimony in the sum of $225 per month continuing for a period of 5 years, or until the plaintiff dies or remarries. The total amount of alimony she will reasonably receive is $13,500. She was awarded child support in the sum of $125 per month. In addition to these amounts the defendant was required to maintain in full force and effect an accident group insurance policy, which also insures the minor child of the parties until the child reached majority, is married, self-supporting, or dies. He is required to pay the first $1,000 of orthodontic expense for the parties' minor child. He is required and ordered to maintain in full force and effect a life insurance policy on his own life for the face amount of $25,000 which names the 9-year-old boy as primary and exclusive beneficiary until such child reaches majority, is married, self-supporting, or dies. The defendant received from the decree some minor personal property consisting of a rug, a trunk, a horseshoe, and some tools, and his 1967 Lincoln Continental automobile which he uses in the course of his business. As set out above, he is also to receive one-half of the equity of the house when it is sold.

It is apparent, without discussion of the pertinent authorities concerning the usual division of property, that the plaintiff has been awarded over one-half of the vested interests and value of the property existing at the time of the dissolution of the marriage. In addition, the plaintiff has been awarded alimony in the sum of $13,500, together with child support in the sum of $125 per month. We have said many times that the rule for determining alimony or division of property in an action of this nature is not susceptible to the application of any mathematical formula. We have recently reaffirmed this court's position that the determination of alimony, division of property, and child support rests in the sound discretion of the court and will not be disturbed on appeal unless there is a clear abuse of discretion, or it is clearly against

the weight of the evidence. Person v. Person, 189 Neb. 329, 202 N. W. 2d 629; Prell v. Prell, 181 Neb. 504, 149 N. W. 2d 104; Kula v. Kula, 181 Neb. 531, 149 N. W. 2d 430; Johnson v. Johnson, 177 Neb. 445, 129 N. W. 2d 262.

Considering all the circumstances, including the relative uncertainty of the defendant's future income, the likelihood of the plaintiff becoming at least partially self-supporting, their ages, the duration of the marriage, and the proportionate burdens placed on the future lives of each party, we cannot say that the District Court abused its discretion in entering the awards that it did or that such decree was against the weight of the evidence. Manifestly, the total award, including the alimony and child support, imposes a substantial burden upon the defendant beyond the award of over one-half of the accumulated property, part of which was contributed to by the assets of the defendant prior to the marriage. As in most marriage dissolutions, neither party will be able to enjoy the same standard of living and the physical comforts and luxuries to which they had been accustomed during the marriage relationship. We come to the conclusion that the judgment and decree of the District Court as to the division of property, alimony, and child support should be generally affirmed.

It is undisputed that the parties had purchased and were living in and enjoying a home with a value of around $40,000. The decree of the District Court, in effect, requires the plaintiff to live in this home and to make the mortgage payments during the minority of her child. It is quite apparent that this requirement of maintaining this residence with the expenses incident thereto is quite probably too onerous for the plaintiff to maintain. The plaintiff, obviously, will be able to marshal her future assets to accommodate her needs with the restriction removed requiring her to live in a house probably beyond her needs. The decree of the District Court is modified to provide that upon application of the plaintiff and approval of the court the property shall be sold and the

proceeds divided equally with the plaintiff being given credit for payments on the mortgage loan to the extent that such mortgage balance is reduced by payments made by her after the date of the decree.

As so modified, the judgment of the District Court is correct and is affirmed.

AFFIRMED AS MODIFIED.

BOSLAUGH, J., concurring.

I would modify the decree to require sale of the residence property which the court finds is probably beyond the needs of the plaintiff. In all other respects I concur fully in the opinion of the court.