BETTY E. BADBERG, APPELLANT, v. MELVIN C. BADBERG, APPELLEE.

229 N. W. 2d 552

Filed May 22, 1975. No. 39792.

Perry, Perry, Witthoff & Guthery, for appellant.

David M. Geier of Bauer, Galter & Geier, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This is a divorce action. All questions raised deal with the propriety of the division of property, the amount of the alimony award, and attorneys' fees. We affirm.

Betty E. Badberg, petitioner and appellant, and Melvin C. Badberg, respondent and appellee, were married December 22, 1946. At the time of the hearing Betty was

53 years of age and Melvin was 50. During the course of their marriage they adopted two children. Diane Badberg, who was 12 years old at the time of the divorce, was the only child living with petitioner and affected by the decree. The major asset of the parties was the family home which was purchased in April 1973, and is subject to a mortgage of $6,500. Petitioner's appraiser set $35,000 as its fair market value.

The custody of the minor child of the parties was awarded to the petitioner, subject to respondent's right of reasonable visitation. Child support was awarded to petitioner in the sum of $150 per month, continuing until the child reaches the age of majority, dies, or becomes emancipated. Respondent was ordered to pay petitioner alimony in the sum of $150 per month, commencing on the 1st day of September 1974, and continuing for a period of 60 months, or a total of $9,000. The real estate was awarded to the petitioner, subject to the mortgage. In equalizing the property distribution, judgment was entered against petitioner in favor of respondent in the sum of $14,000. This is approximately one-half of the equity of $28,500. This judgment is not to be enforceable until 6 months after the sale of the real estate, or 6 months after the date the minor child reaches her majority, whichever date occurs first. Said judgment is not to bear interest until the date provided for enforcement.

Petitioner was further awarded the household furnishings, appliances, and fixtures located in the residence, except for some specific items awarded to respondent. Petitioner received property valued at approximately $17,000 above indebtedness. Respondent received property valued at approximately $18,000, counting the $14,000 judgment and the present value of his pension fund. No purpose will be served by further detailing the distribution of the personal property. Suffice it to note that all things considered the distribution was approximately equal.

In the matter of the distribution of the property, the petitioner takes exception to the awarding of a judgment against her in favor of the respondent in the amount of $14,000. It is apparent that the trial court was attempting to divide the equity in the property approximately equal and at the same time to give petitioner the option of living in the property until the minor child reached her majority. This appears to us to be a very equitable solution of a difficult matter.

Petitioner contends the alimony allowance is grossly inadequate because the trial court did not consider respondent's retirement plan benefits as an asset of the parties. We do not agree. It is evident the trial court considered the pension since the interest in the plan was specifically awarded to the respondent. Respondent's annual contributions are now $60, or 3½ percent of earnings over his Social Security base, whichever is greater. At the time of the trial, the only benefit available to him from this source was the amount of his contributions which totalled $1,671, indicating that respondent's contributions to the pension plan have been nominal. Respondent testified that, as he will have 30 years of service with Goodyear in 5 years, he would be able to retire at the age of 55 on a pension of $500 per month. The work sheet included as an exhibit would indicate that this amount would be reduced 4 percent for each month between his 55th and 62nd birthday. At age 62 his monthly retirement would be $504.50 plus his Social Security. Whatever bearing the plan would have on an allowance of alimony in the future could be no different essentially from the expected value of respondent's continuing employment with Goodyear.

Respondent's take-home pay, after withholding, pension plan, and medical insurance deductions, was $790 per month. By the decree, he is required to pay child support of $150 and alimony of $150, leaving him $490 for his personal living expenses. At the time of the trial petitioner was earning $325 net a month. This with

child support and alimony would give her $625 per month. The alimony award was given for 5 years, or the approximate minority of the minor child. The fixing of alimony rests in each case within the sound discretion of the trial court. The record of the trial is not complicated and the facts are not in dispute. The decree entered by the trial court on the allowances and alimony was within its discretion and should not be disturbed.

Petitioner's aunt advanced $7,000 to the parties in either 1967 or 1968. Two or three years later the parties attempted to deliver a note to her to cover this amount but she refused to accept it. This money was applied to the payment on the home purchased by the parties. The aunt stated that she would ask for the $7,000 back if she ever needed the money, but she had not asked for any of it by the time of the trial. Both parties consider this a moral obligation which should be paid if demand is ever made. The court assigned the indebtedness equally to the two parties. Petitioner objects to this division, but actually any payment made will reduce the equity in the home proportionately.

Petitioner questions the provision making temporary allowances during the pendency of this appeal applicable on the alimony awarded to petitioner in the decree being appealed. We approve this procedure, and consider it eminently fair when the trial judge has adequately adjusted the rights of the parties.

Petitioner next complains that the trial court abused its discretion in not awarding attorneys' fees in the District Court. Respondent paid a temporary attorneys' fee of $100 pursuant to an order on a temporary allowance. At the time the action was started petitioner withdrew $250 from the joint checking account of the parties to apply to court costs and attorneys' fees. Undoubtedly the trial court took these circumstances into consideration in determining not to require respondent to pay further attorneys' fees and court costs. The

award of attorneys' fees and the taxing of costs is discretionary with the District Court. Sullivan v. Sullivan (1975), 192 Neb. 841, 224 N. W. 2d 542. The trial herein was a simple one. The two parties were the only witnesses sworn. The record, excluding the index and certificates, covers 62 pages. While we would have made an additional allowance, we cannot say that the trial court abused his discretion.

For the reasons given, the judgment of the District Court is affirmed. Plaintiff is allowed an additional $500 for the services of her attorney in both courts, and the costs in this court are taxed to the respondent.

AFFIRMED.