NANCY L. BROWN, APPELLANT, V. MICHAEL W. BROWN, APPELLEE.

259 N. W. 2d 24

Filed November 9, 1977. No. 41185.

Baylor, Evnen, Baylor, Curtiss & Grimit and Donald R. Witt, for appellant.

Healey, Healey, Brown, Wieland & Glynn, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.
This appeal arises from the dissolution of a mar-

riage and the issues raised in this court are: (1) Should the trial court have awarded to the petitioner wife alimony in addition to a share of the property of the parties? (2) Did the trial court err in directing that certain "family debts" be paid from the proceeds of the sale of the residence of the parties? (3) Did the trial court err in refusing to receive evidence of a vested, but undistributed, inheritance of the respondent husband, offered for the purpose of showing his future income and ability to pay alimony? (4) Was the award of fees for services to the petitioner wife's attorney inadequate, and should it be increased?

The parties were married on April 11, 1964. At the time of the marriage the wife was a practicing registered nurse, having received her nursing diploma in 1958. The husband, at the time of the marriage, was a student, nearing the completion of his junior year in the University of Nebraska School of Law. He completed his legal education the following year and began the practice of law in 1965. Two children were born to the marriage, a son and a daughter, who, at the time of trial on November 3, 1976, were 8 and 6 years of age respectively.

After the marriage the wife continued to work at her profession substantially full time until a few months after the birth of the second child in the year 1970. Thereafter she worked part time during the years 1974 and 1975. Prior to and during the first year of marriage the husband worked at summer employment and part time during the school year.

During the marriage the parties acquired a home which, at the time of trial, had an agreed fair market value of $78,000. The title to the residence was subject to a mortgage lien with an unpaid balance of approximately $31,000. The parties had also acquired during the marriage furniture and household goods of excellent quality and of substantial value. They also owned some additional nonincome-produc-

ing personal property which will be mentioned later. In addition, the husband had an interest in the capital account of a law partnership and a small equity in a building owned by the partnership and in which it had its law offices. The wife brought to the marriage about $660 in savings bonds, a car, and a small amount of household goods.

In the decree of dissolution the household goods and other personal property were divided largely in accordance with an agreement between the parties, the wife receiving most of the household goods and furnishings and a 1968 automobile. The husband received a small amount of household goods, his interest in the property of the partnership, a 1972 Datsun automobile, some sports equipment, and some nautical mementos which he specially valued. There is some dispute between the parties as to the value of the personal property received by each, but no dispute as to what items each should receive. The trial court directed that the home of the parties be sold and from the proceeds certain debts and expenses of sale, if any, be paid, and that the balance be divided 60 percent to the wife and 40 percent to the husband. The substantial equity of the parties in the residence arises from the profit of a sale of an earlier residence owned by the parties and acquired after the marriage, as well as to an increase in the value of the residence which was directed to be sold. The evidence also indicates that the husband did some work in the construction of the home, the exact value of such services not being shown by the evidence.

The wife was awarded custody of the two children of the parties and the husband was granted reasonable rights of visitation. The decree directs that the husband pay child support in the sum of $200 per month per child and that he maintain medical and hospital insurance comparable to the coverage which existed at the time of trial, the cost of which was then the sum of about $40 per month.

During the 6 years preceding the dissolution, the husband's average annual income from his law practice, after payment of income and self-employment tax, was approximately $18,200. The average for the last 3 years of that period was approximately $24,000. He hopes to earn a higher average income in the future, but points out the uncertainties of the income of the law practice which consists partially of handling personal injury cases on a contingent fee basis, and primarily of the defense of such cases on behalf of an insurance carrier. His income, of course, also depends upon the earnings of his partners.

After the separation of the parties, the wife obtained employment with the Department of Health of the State of Nebraska as a health facilities reviewer at an annual salary of $11,916, which, after 6 months, would be increased to $12,516. Future increases will depend upon merit and legislative appropriations. Her take-home pay at the time of trial was $772.60 monthly.

We now examine the assignments of error and in so doing will discuss such additional details of evidence which seem pertinent to us.

Section 42-365, R. S. Supp., 1976, provides in part: "When dissolution of marriage is decreed, the court may order payment of such alimony by one party to the other as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, . . . and the ability of the supported party to engage in gainful employment without inferfering with the interests of any minor children . . . ." Section 42-366, R. R. S. 1943, provides for the implementation by court decree of any property settlement agreement made by the parties in writing, unless "the court finds the agreement unconscionable." In this case the parties made no written agreement, but, as indicated, did agree as to the division of personal property by item, but not by valuation. Sec-

tion 42-366, R. R. S. 1943, also provides: "(6) Alimony may be ordered in addition to a property settlement award."

We conclude that consideration of the following circumstances of the parties requires that some alimony should be awarded to the wife in addition to the award of property: (1) The marriage was of about 12½ years duration. (2) The wife made, through her labors, substantial financial contributions through the early years of the marriage. (3) The earning capacity of the wife, although substantial, does not seem to have the same prospect for increase as does that of the husband. (4) Care of the children during their minority will fall largely upon the wife. (5) The wife's net share of the sale of the home will not provide a great amount of cash for investment in a home or income-earning property. We therefore modify the decree to provide that the husband shall pay to the wife alimony as follows: $200 per month for a period of 5 years beginning with the issuance of the mandate from this court, and the sum of $100 per month for the 5-year period thereafter. Such alimony shall terminate upon the death of either party, or the remarriage of the wife.

At the time of the separation of the parties they had family debts of about $2,800 which they acknowledged ought to be paid from the proceeds of the sale of the family home. After the separation, the husband borrowed $6,000 to pay the 1975 income tax and the further sum of $1,300 to pay deficiency on that year's tax, but which latter sum he testified he used to make house payments and for other expenses, including support of his family. After separation he also borrowed another $1,000 to meet current expenses. At the time of trial the income tax deficiency above-mentioned had not been paid. All these items the court directed be paid from the proceeds of the sale of the home. The wife argues that the approximate $2,300 of debts last above-men-

tioned ought not be considered as family debt payable out of the proceeds of the sale of the residence, but that it be charged wholly to the husband. We can see no reason to modify the trial court's disposition in this respect.

The wife offered evidence to prove that the husband was the beneficiary of a one-sixth interest in the estate of his grandmother who had recently died. The estate apparently was in the process of administration and no distribution had been made. The trial court sustained the husband's objections to this evidence and to the offer of proof in connection therewith. The wife contends that such evidence was admissible for the unlimited purposes above-stated and cites in support thereof our holding in Person v. Person, 189 Neb. 329, 202 N. W. 2d 629. The husband, on the other hand, contends the evidence was inadmissible and cites in support of his position our holdings in Breiner v. Breiner, 195 Neb. 143, 236 N. W. 2d 846; and Bliven v. Bliven, 190 Neb. 492, 209 N. W. 2d 168. In Person v. Person, *supra,* the husband was currently receiving income from property held jointly with his mother and was permitted by his mother to use portions of the income therefrom as compensation for services rendered in managing the property. Breiner v. Breiner, *supra,* seems not at all applicable because there we simply disapproved setting child support in amounts which would vary as the husband's future income fluctuated. In Bliven v. Bliven, *supra,* we said that a mere prospect or possibility of inheritance was not to be considered in setting the amount of present child support, noting that such payments are subject to modification as circumstances change.

Under the circumstances of this case we hold that it was within the trial court's discretion to decide what evidence it will consider. The reason is that the determination of the amount of alimony is subject to the sound discretion of the trial court con-

sidering the circumstances and the facts in each case. Bliven v. Bliven, *supra;* Person v. Person, *supra*. While the court might have received the evidence offered without committing error, it was not required to do so, and we find it did not abuse its discretion.

The wife argues that the allowance of $750 for the services of her attorney in the trial court is inadequate and does not represent the value of the services of her attorney in that litigation. The evidence supports this latter contention. However, there is no rule which requires the court to necessarily award attorney's fees in accordance with the value of the services in a divorce case. The award of attorney's fees is discretionary with the trial court and depends upon a variety of factors, including all the circumstances such as the amount of the division of property and alimony awarded, the earning capacity of the parties, and the general equities of the situation. Badberg v. Badberg, 193 Neb. 844, 229 N. W. 2d 552; Olson v. Olson, 195 Neb. 8, 236 N. W. 2d 618. We believe that there was no abuse of discretion in not requiring the husband to pay all the wife's attorney fees in the court below.

The decree is affirmed as modified. The wife is awarded the sum of $1,000 for the services of her attorney in this court.

AFFIRMED AS MODIFIED.