ARNOLD C. JENKS, APPELLANT, V. DOROTHY L. JENKS,
APPELLEE.

263 N. W. 2d 469

Filed March 15, 1978. No. 41363.

Arnold C. Jenks, pro se.

Philip M. Bowen of Riedmann & Welsh, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

WHITE, C. THOMAS, J.

This is an appeal from a property division and alimony award entered by the District Court. Appellant-husband appeals alleging that the trial court abused its discretion in the property division and in ordering alimony in the amount of $150 per month until the appellee-wife dies or remarries. Appellant also assigns as error the award of attorney's fees in the trial court.

The parties were married in 1948. At the time of the marriage the parties had essentially no property but both had jobs and income. The appellee worked for the Union Pacific Railroad as a clerk and did so for 7 years until the birth of the parties' first child.

The appellant is a real estate agent with his office at the parties' home. Three children, all of whom have become emancipated, were born of the marriage.

The trial court awarded to the appellant the parties' residence, which the court found worth $38,000, less an encumbrance of $7,800. The court further awarded the appellant furniture valued at $2,000, one-half of a certificate of deposit of which appellant's share would be $3,000, and cash in the business account of the appellant of $2,500. Appellee was awarded two rental properties of the total value of $24,000, subject to encumbrances of $2,000. She was further awarded one-half of the interest of the certificate of deposit for $3,000, and furniture valued at $2,000. The court awarded to the parties their own personal effects and clothing. The appellant assigns a value to the appellee's clothing of $10,000 and to his own clothing a value of $1,000 and indicates that the court abused its discretion by not taking into account these values in apportioning the property of the parties. There is no evidence of the value of the clothing other than the value assigned by the appellant himself. We are unable to state that the trial court abused its discretion in disregarding those estimates of value.

The total value of the property awarded appellant was $37,700 while appellee received property valued at $28,500. In addition, the appellee received $14,000 she inherited from her mother shortly before the separation and dissolution.

After the hearing on the dissolution, the appellant was still engaged in the real estate business. Appellant's approximate income from his business as a real estate agent was $12,580 in 1971, $14,590 in 1972, $6,000 in 1973, and $3,700 in 1975. It is to be noted the appellant's office was in the parties' residence and considerable portions of the normal household expenses were deducted from the income tax return. Appellant also claimed as an expense the rental cost

of a Toronado automobile in excess of $200 per month. Prior to the dissolution, the parties had two income-producing properties, both of which were awarded to the appellee. The appellant has no income-producing property save and except the amount of $3,000, one-half of the certificate of deposit. Appellee is employed at the Westroads Bank at a gross salary of $490 per month and works part time at Hovland-Swanson's at approximately $130 to $140 per month. She has the income from $14,000 inherited from her mother, $3,000 savings certificate, and the income from the two houses awarded her.

Section 42-365, R. S. Supp., 1976, provides in part: "When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, * * * and the ability of the supported party to engage in gainful employment * * *."

In Brown v. Brown, 199 Neb. 394, 259 N. W. 2d 24, this court awarded, in a marriage of 12½ years and to which two children were born, both minors at the time of the dissolution, alimony of $200 per month for a period of 5 years and $100 per month for the 5-year period thereafter. The average income of the husband for the last 3 years prior to the dissolution was $24,000. Based on any standard inferable from that case, the award of the court in this case appears to be generous. Here, the appellant, with an income substantially less than the petitioner in Brown, was ordered to pay $150 per month until appellee dies or remarries. We agree that the division of property was not patently unfair and will not be disturbed in this court on appeal. However, considering the circumstances of the parties and their relative earning capacities as well as the fact that each appears to be in good health, we feel the amount of alimony awarded by the court was an abuse of discretion.

The appellant is hereby ordered to pay the appellee alimony in the amount of $1 annually until she dies or is remarried. The attorney's fee of $500 allowed appellee in the trial court was within the trial court's discretion and is approved. Counsel for appellee is allowed a fee of $250 in this court.

AFFIRMED AS MODIFIED.