MAXYNE M. SOWDER, APPELLEE, v. MICHAEL R. SOWDER, APPELLANT.

136 N. W. 2d 231

Filed July 9, 1965.   No. 35912.

Max A. Powell and Rohn & Rohn, for appellant.

Wagner & Johnson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

A divorce decree in favor of Maxyne M. Sowder is challenged with the propositions that her husband Michael is entitled to a divorce and that the alimony award is excessive.

This second marriage for both parties commenced December 28, 1958.  At the time of trial Maxyne was 47 years of age, Michael, 40.  They have no children by the second marriage, but three of Maxyne's daughters by a previous marriage were supported by Michael while they were living with the parties.

The finding of fault is correct.  Michael angrily struck Maxyne on a number of occasions.  Corroboration was supplied by one daughter and by a physician.  Some violence was admitted.

Perhaps Maxyne's conduct was less than exemplary.

Certainly it was much less than cruel. We see no cause to lay blame on her for sexual incompatibility.

Quarrels over tidiness of the home and discipline of the daughters have been magnified beyond all proportion. We can hardly set a standard of perfection for the performance of marital duties.

In its decree the district court awarded Maxyne $7,500 alimony payable in monthly installments of $125, a 1962 Rambler automobile, and $400 for services of counsel. It divided miscellaneous personal property between the parties.

Michael is an accountant whose annual income exceeded $16,000 during the period 1961-1963. At the trial in July 1964, he predicted a substantial decrease for that year; but only a temporary reduction can be structured on his industry and prior earnings.

Balance sheets, which were prepared on cost basis with reserves for depreciation of some assets, show his net worth on December 31, 1958, to have been $8,639.65, and on April 21, 1964, $21,276.29. Adjustments for disparities between cost and value of real estate and for the cash value of insurance policies result in a 1964 valuation of approximately $21,000. Not included are his obligations for alimony and child support under a prior divorce decree. In 1964 alimony of $11,900 was payable in installments over the next 10 years, and child support of $7,425 was payable in installments over the next 5 years.

Maxyne brought to the marriage no property of consequence, and she has not contributed directly to the accumulation. A deficiency of technical skill no doubt will restrict her in the labor market.

The allowance by the district court is excessive if we disregard Michael's earning capacity. This we may not do. See Hefti v. Hefti, 166 Neb. 181, 88 N. W. 2d 231. The award is reasonable.

The judgment is affirmed and Maxyne is allowed $250 for services of her counsel in this court.

AFFIRMED.