IDA M. APPLEGATE, APPELLANT, V. WOODROW E. APPLEGATE, APPELLEE.

155 N. W. 2d 337

Filed December 8, 1967. No. 36476.

Murphy, Pederson & Piccolo, for appellant.

Robert E. Roeder, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

On November 14, 1963, appellant Ida M. Applegate sued appellee Woodrow E. Applegate for separate main-

tenance. Appellee cross-petitioned for an absolute divorce. Trial was held on November 1 and 2, 1965, and on January 10 and 11, 1966. Appellee was granted an absolute divorce on his cross-petition and appellant perfected an appeal to this court.

Appellant's previous marriage terminated in a divorce in 1959. She married appellee, who had not previously been married, on September 12, 1960. She left appellee at El Paso, Texas, April 13, 1963. Both parties separately returned to North Platte and lived apart until the latter part of June 1963, when they went to Colorado together. They finally separated after an extensive argument on July 21, 1963.

At the time of the marriage appellant was 50 and appellee was about 48 years of age. Before marriage appellee discussed his health and financial condition with the appellant. In 1953 the Mayo Clinic determined that the appellee had multiple sclerosis. Subsequently and previous to the marriage he had prostate surgery on two occasions. Appellee, who was very comfortably situated, had inherited substantial ranch holdings from his parents. At the time of the trial he was drawing social security because of disability. Appellant's net worth at the time of the divorce was $35,000.

It will serve no useful purpose to review the evidence in detail herein. Appellant's counsel devotes 42 pages of her brief to that purpose. Appellant's evidence, much of which is uncorroborated, would indicate that she was subjected to extreme cruelty, both mental and physical, which forced her into a state of nervous hysteria and required her to live apart from the appellee. It is impossible to lay down any general rule as to the degree of corroboration in a divorce action as each case must be decided on its own facts and circumstances. Smith v. Smith, 160 Neb. 120, 69 N. W. 2d 321. Appellee's evidence, on the other hand, would indicate that appellant was guilty of extreme cruelty and left the appellee without justification. We think it sufficient to here state

that we have carefully examined the record and, while there is an irreconcilable conflict therein, we are of the opinion that the conclusions reached by the able trial judge are supported by a clear preponderance of the evidence. The trial court granted appellee an absolute divorce and awarded appellant a 1962 Ford camper, $15,000 alimony, $3,500 attorneys' fees, and costs. Appellant had been receiving $350 per month temporary support during the pendency of the action. Allowances pending appeal were denied.

A divorce action is for trial de novo in this court. Ivins v. Ivins, 171 Neb. 838, 108 N. W. 2d 99. However, where the evidence is irreconcilable and in direct conflict, we cannot ignore the fact that the trial court had an opportunity to observe the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the other. Humann v. Humann, 180 Neb. 719, 144 N. W. 2d 723. This rule is particularly applicable herein.

Appellant's social conduct since July 21, 1963, considered in the light of her own counsel's suggestion of her conduct before her marriage to the appellee, affords some criteria to assess appellant's conduct herein. If we were to depend solely upon a cold record, we could easily conclude that appellant desires the financial benefits of a questionable marriage relationship without the responsibility for any of its burdens.

While it is true the appellee has a substantial income, appellant is not without some means. Appellee has paid temporary support of approximately $10,000 during the pendency of this action. Appellant was given a camper which cost $5,000, and $15,000 alimony. This increased her net worth in excess of $50,000. Considering the source of appellee's property, and the fact that appellant terminated the marriage relationship, we feel that the trial court was very fair with the appellant and see no reason to further burden the appellee.

The judgment of the trial court is affirmed, and costs are taxed to the appellant.

AFFIRMED.