JULIE STEVENS, APPELLEE, V. DOUGLAS STEVENS, APPELLANT.

167 N. W. 2d 761

Filed May 2, 1969. No. 37136.

Kerrigan, Line & Martin, for appellant.

Sidner, Gunderson, Svoboda & Schilke, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action for divorce brought by Julie Stevens against Douglas Stevens. The trial court granted the plaintiff a divorce, custody of the minor child, alimony, and child support. The defendant has appealed.

The parties were married October 23, 1965. They have one child, Stephanie, born November 21, 1966. The plaintiff is 24 years of age; the defendant is 28.

Early in 1968 the plaintiff sought marriage counseling but it was not successful. This action was filed March 11, 1968. After the case had been set for trial, the parties agreed to a postponement and sought further counseling, but without success. The counselors advised that there was no hope of reconciliation.

The plaintiff charges the defendant with extreme cruelty. The evidence describes a series of events which, if considered separately, are relatively minor in nature. Considered as a whole, the evidence shows a course of conduct by the defendant toward the plaintiff that destroyed her peace of mind and impaired her health.

The plaintiff's principal complaint centers around the attitude and conduct of the defendant toward their child. The defendant exhibited a lack of concern or love for the child and on several occasions was harsh with the child. The defendant is self-centered and preoccupied with satisfying his own desires. He showed little concern for the requirements of his wife and child. As a result the plaintiff's health was affected adversely.

Any unjustifiable conduct on the part of either the husband or wife, which so grievously wounds the mental

feelings of the other, or so utterly destroys the peace of mind of the other, as to seriously impair the bodily health and endanger the life of the other, or such as utterly destroys the legitimate ends and objects of matrimony constitutes extreme cruelty. Waldbaum v. Waldbaum, 171 Neb. 625, 107 N. W. 2d 407. The evidence in this case, although somewhat marginal, supports a finding of extreme cruelty as against the defendant.

The parties lived in a rented home and accumulated very little property during the marriage. The trial court allowed the plaintiff alimony in the amount of $7,800 and child support in the amount of $40 per week. The defendant contends that the amounts are excessive.

The defendant is employed as a foreman by Hormel and has an annual income now of approximately $11,000. The plaintiff is working 20 hours per week and has net earnings of $110 per month. The plaintiff estimates the living expenses for herself and the child at approximately $300 per month.

The alimony, which is payable at the rate of $30 per week, is not excessive when the earning capacity of the husband is considered. See Sowder v. Sowder, 179 Neb. 29, 136 N. W. 2d 231. We find that the child support should be fixed at $30 per week.

The judgment of the district court is modified to provide for child support in the amount of $30 per week, and as so modified is affirmed. The plaintiff is allowed the sum of $350 for the services of her attorney in this court.

AFFIRMED AS MODIFIED.