BETTY B. DODENDORF, APPELLEE, V. RAYMOND LEE DODENDORF, JR., APPELLANT.

181 N. W. 2d 438

Filed November 27, 1970. No. 37582.

Marks, Clare, Hopkins & Rauth, for appellant.

Richard J. Bruckner of Schrempp, Rosenthal, McLane & Bruckner, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an action for divorce brought by Betty B. Dodendorf, hereinafter referred to as plaintiff, against

Raymond Lee Dodendorf, Jr., hereinafter referred to as defendant, on the grounds of extreme cruelty. The trial court granted plaintiff an absolute divorce. Defendant appealed, attacking the division of the property and the granting of the divorce to plaintiff rather than to him on his cross-petition.

While the defendant questions the sufficiency of the evidence to support a decree for plaintiff, we see no useful purpose in reviewing the evidence in detail. A divorce action is for trial de novo in this court. Parkhurst v. Parkhurst, 184 Neb. 687, 171 N. W. 2d 243. However, we cannot ignore the fact that the trial court had an opportunity to observe the parties and accepted one version of the evidence rather than another. This case is not too different from many others where no physical violence is involved. Suffice it to say that we agree with the trial judge that it is sufficient to sustain a decree for the plaintiff. From the record it is evident that the marriage became intolerable for the parties and reconciliation is not possible. While the corroboration is not as strong as it is in many cases, it is sufficient to sustain the decree. It is not possible to delineate a general rule as to the degree of corroboration in a divorce action. Each case must be decided on its own facts and circumstances. Applegate v. Applegate, 182 Neb. 342, 155 N. W. 2d 337.

The principal argument herein involves the allowance of alimony and the division of property. Over the years plaintiff's parents had given her cash and securities, the value of which at the time of trial was $150,020. During the course of the marriage, the plaintiff on occasions had been employed. Her earnings, the cash given her by her parents, and the proceeds from the sale of some of the securities as well as the income from securities, were used to supplement the income of the parties. An exhibit in evidence would indicate that these contributions totalled $44,761.70.

Defendant suggests that this case is one in which an

award of alimony should be made to him out of the plaintiff's separate property. While he has had the benefit of the income therefrom during the latter years of the marriage, there is no basis by which he should have any claim to it. Although the plaintiff testified that she was in good health, the record would suggest a question. She had undergone heart surgery, was on daily medication, and had been instructed not to live under tension or strain. Plaintiff has placed her separate property in a revocable trust for the benefit of the children of the parties.

The value of the accumulations of the parties at the time of the divorce was $27,322. This included a home valued at $19,000, subject to a mortgage of $6,000, but did not include the value of a gun collection, a coin collection, or a stamp and camera collection, which were in the possession of the defendant. The values of these collections are not shown, although the evidence indicates that the gun collection was insured for either $1,200 or $1,500. The joint property of the parties was divided as follows: The equity in the home was awarded equally to the parties. Plaintiff was awarded furniture and fixtures of the value of $1,500; a one-half interest in a $5,000 certificate of deposit; and alimony at the rate of $200 a month for 121 months. Defendant was awarded a 1965 Ford valued at $1,000; 74 shares of A. T. & T. stock, valued at $4,422; the other one-half interest in the $5,000 certificate of deposit; furniture, furnishings, and household goods, valued at $1,500; and a recently purchased lakeshore lot at Columbus, Nebraska, valued at $900.

We agree with the defendant that under the peculiar facts of this case, no alimony award should be made to the plaintiff, but we also believe that a more equitable distribution should be made of the joint property. We modify the award of the trial court in the following particulars: Plaintiff shall receive no alimony, but should receive the other property granted, and in addition the

other one-half interest in the certificate of deposit, which was granted to the defendant. The defendant is given the right to occupy the home of the parties until the youngest child attains her 20th birthday, during which time the property shall not be subject to partition, but defendant is required to pay all taxes, interest, and mortgage payments during that period. Under this revised division the plaintiff will receive $13,000 of the joint accumulations, and the defendant will receive $14,322, plus the gun, coin, stamp, and camera collections. In all other respects the decree is affirmed. Costs of appeal are taxed to the defendant, including a fee of $350 for the services of plaintiff's attorney.

AFFIRMED AS MODIFIED.

CARTER, J., dissenting.

Plaintiff sued for a divorce from the defendant which was granted. Defendant appealed and asserted as error the granting of the divorce without corroborating evidence.

Our opinion disposes of this issue by saying: "While the corroboration is not as strong as it is in many cases, it is sufficient to sustain the decree." I submit that where the error assigned is the sufficiency of the evidence to corroborate plaintiff's grounds for divorce, the evidence should be reviewed and its corroborative nature shown.

. An examination of the evidence fails to disclose any corroboration of plaintiff's grounds for a divorce. The dissolution of the marriage relation involves matters of public policy solely within the scope of the legislative power. The Legislature has said that a divorce will not be granted unless the evidence of marital wrong is corroborated by evidence other than that of the parties. I submit that the decision of this court permits the doing of that which the controlling statute expressly prohibits.

While the affirmance of the divorce decree may not appear too important in view of defendant's cross-peti-

tion for a divorce, there are considerations other than the public policy involved which are of extreme importance to the defendant. If the divorce is sustained in disregard of the applicable law, the defendant is subjected to a division of the joint property and a possible jeopardizing of his business and other sources of income. The custody and care of the minor children of the marriage becomes a litigable issue when two homes instead of one are to be permanently necessary. Such detrimental results ought not to be cast upon a party because of petty grievances and fancied wrongs without corroborating evidence of statutory grounds for divorce. Robinson v. Robinson, 164 Neb. 413, 82 N. W. 2d 550.

Where the record, as here, fails to show necessary evidence to bring the case within the applicable divorce statutes, it is error to sustain the grant of a divorce. I would reverse the judgment on this issue.