JUDITH NEWTON, APPELLEE, V. WAYNE D. NEWTON, APPELLANT.

196 N. W. 2d 116

Filed March 31, 1972. No. 38135.

Ryan & Scoville, Robert G. Scoville, and P. F. Verzani, for appellant.

Olds & Reed, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and CLINTON, JJ.

SPENCER, J.

In this divorce action by Judith Newton, plaintiff, against Wayne D. Newton, defendant, the appeal is predicated on the sole fact that plaintiff was given all of the property acquired while the parties lived together, as well as $1,800 alimony, payable $50 a month.

The marriage of the parties was of 5 years duration. During that time, plaintiff contributed substantially more to the support and maintenance of the parties than the defendant. Defendant issued several insufficient fund checks which plaintiff made good. The property of the parties, which had not been repossessed by creditors, consisted of a 1969 Mercury, a color television set, and other household goods, subject to an encumbrance of $1,999.50. These were assigned to the plaintiff. The

defendant acquired a 1970 automobile and a color television set after the separation. These were encumbered for $3,880. Defendant also had a diamond ring purchased during the marriage for $372.30, supposedly for the plaintiff, but of which she had no knowledge and which was never given to her. There is strong inference in the testimony that the defendant was interested in another woman.

Considering the encumbrance on the property transferred, it seems evident that the $1,800 alimony was intended to help plaintiff pay off the encumbrance.

A divorce action is for trial de novo in this court. However, we cannot ignore the fact that the trial court had an opportunity to observe the parties. Dodendorf v. Dodendorf, 186 Neb. 144, 181 N. W. 2d 438.

We have said that the judgment of a trial court fixing the amount of alimony will not be disturbed on appeal unless good cause is shown. Passmore v. Passmore, 144 Neb. 775, 14 N. W. 2d 670.

In Prosser v. Prosser, 156 Neb. 629, 57 N. W. 2d 173, we held the amount of alimony to be granted a wife is not to be determined alone from the property possessed by the husband. Many other factors enter into its determination.

AFFIRMED.