REUBEN REISIG, APPELLANT, v. CLARA REISIG, APPELLEE.

216 N. W. 2d 731

Filed April 4, 1974. No. 39270.

James R. Hancock, for appellant.

Holtorf, Hansen, Kovarik & Nuttleman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-Cown, NEWTON, and CLINTON, JJ., and FLORY, District Judge.

NEWTON, J.

This is an action for divorce in which the sole question presented is the division of the property of the parties. We affirm the judgment of the trial court.

The case is triable de novo on appeal and, for the most part, the facts are not in serious dispute. The evidence is conflicting in regard to issues pertaining to contributions made in the purchase of the nursing home,

its operation, and the disappearance of certain cash assets. Resolution of these conflicts in the evidence which depends primarily on oral evidence must be made with the following rule in mind. "In an action for divorce, if the evidence is principally oral and is in irreconcilable conflict and the determination of the issues depends to a reasonable extent upon the reliability of the respective witnesses, the conclusions of the trial court as to such reliability will be carefully regarded by the Supreme Court on review." Buchanan v. Buchanan, 186 Neb. 89, 180 N. W. 2d 886. See, also, Dennis v. Dennis, 179 Neb. 200, 137 N. W. 2d 694.

On examination of the record we find the following facts have been established. The parties were married October 6, 1940, and have two minor sons who were 14 and 15 years of age when suit commenced. Their custody was awarded to their mother, respondent herein. The property of the parties included the nursing home valued at approximately $100,000. To maintain its license, repairs and improvements to the home costing in excess of $30,000 are required, and it is encumbered in the sum of $14,297.07. The nursing home and a duplex valued at $8,500, but included in the nursing home valuation of $100,000, were awarded to respondent. Respondent also received the home in Morrill, Nebraska, valued at $30,000 and subject to a mortgage of $8,000. Respondent contributed $25,000 to the purchase of the nursing home. She also operated it and all family living expenses were paid out of its earnings. At the time of its purchase, petitioner was $30,000 in debt, which was eventually paid out of the earnings of the nursing home, and he has contributed little, if anything, toward its purchase or operation. On the contrary, he used his earnings, and money from the nursing home, to purchase and repair other property. Petitioner concedes he took from the home savings bonds valued at $2,550. He also appears to have taken

$10,000 in cash, and nearly $15,000 from a checking account.

Petitioner was awarded nine properties with equities amounting to a minimum of $18,850. He also received tools, saddles, guns, boats, a 1973 Pontiac, a Ford tractor, a 1967 and a 1973 Cadillac, and several horses. He was not required to pay child support. Costs, including a $2,000 attorney's fee, were taxed to respondent.

In view of the manner in which petitioner milked the nursing home assets, his failure to contribute to the support of his family, his being relieved of child support payments and costs, the encumbrance on the property awarded respondent, the necessity for expensive improvements on the nursing home, and respondent's contributions to its purchase and operation, we conclude that the property division made by the trial court is not inequitable.

A judgment of a trial court fixing the amount of alimony, or making a distribution of property, will not be disturbed on appeal unless good cause is shown. See Newton v. Newton, 188 Neb. 242, 196 N. W. 2d 116.

The judgment of the District Court is affirmed. Costs, including the allowance of a $500 attorney's fee to respondent, are taxed to petitioner.

AFFIRMED.