BARBARA JEAN SCHWANINGER, APPELLEE AND CROSS-APPELLANT, V. EDGAR L. SCHWANINGER, APPELLANT AND CROSS-APPELLEE.

223 N. W. 2d 829

Filed December 12, 1974. No. 39400.

Littrell & Patz and Joseph J. Cariotto, for appellant.

H. Jeanne Thorough of Kelley & Thorough, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The petitioner, Barbara Jean Schwaninger, commenced this proceeding for dissolution of marriage against the respondent, Edgar L. Schwaninger. The District Court for Lancaster County entered its decree and dissolved the marriage; granted custody of the two minor children to the petitioner; and provided for a division of property and award of child support. The respondent perfected his appeal to this court and thereafter on his motion, the appeal was dismissed. Our mandate was recalled for the petitioner to complete a cross-appeal. The matter is now before this court on the cross-appeal of the petitioner. There is no issue as to the dissolution of the marriage or custody of the children. The only dispute involves property and support awards.

The parties were married on February 2, 1957. The petitioner was 35 and the respondent 36 years old at the time of trial. They have lived continuously in or near Lincoln, Nebraska, since their marriage. They have two children, Scott Hilton and Shelly Jo, aged respectively 15 and 12 at the time of trial in June 1973.

A few years after their marriage, the parties moved to a farm located approximately 13 miles south of Lincoln, Nebraska. For the 5 years prior to trial, in addition to farming, the respondent was employed as an operating engineer for American Stores in Lincoln, Nebraska. His gross wages for the year 1972 were $12,629, and his take-home pay at the time of trial was

approximately $700 per month. The petitioner, a licensed practical nurse, had been employed by the Norris School for about 1 year at time of trial. Her take-home pay was approximately $343 per month. The respondent sustained a loss on his farming operations averaging approximately $10,000 per year for the 5 years preceding trial, and the farming loss reported on his federal income tax return for the year 1972 was $12,123.77.

At the time of trial, the parties had virtually completed the construction of a new residence on a 75-acre tract comprising a part of the land which they farmed. The cost of construction was approximately $50,000. Some $15,000 of that cost was still unpaid at the time of trial.

The land owned by the parties consisted of five separate tracts, totaling approximately 485 acres. Two expert witnesses, one for the petitioner and one for the respondent, testified as to the value of the land, tract by tract, excluding the value of the newly constructed residence. The petitioner's expert witness placed the value at $222,000, while the respondent's expert witness placed the value at $130,000. The variance in valuation arose because the petitioner's expert witness based his valuation upon subdividing the property for rural living as the highest and best use, while the respondent's expert witness based his valuation on the present market value of the real estate for agricultural purposes and the current market value of similar agricultural land in the area. There was approximately $119,000 of mortgage indebtedness against the real estate.

The parties owned a Chevrolet pickup truck valued at $4,000 which had a mortgage against it in that amount; and a GMC truck valued at $7,000 which had a mortgage in that amount. Other farm equipment and machinery was valued at approximately $37,000 and

was encumbered by two mortgages, one to International Harvester for $15,000 and one to the Martell Bank for $22,000. The latter mortgage also covered the cattle. The 31 cows, 15 heifers, and 12 calves were valued at $15,000. The parties also had four riding horses and four yearlings. The most expensive horse, named Harmony, was worth between $2,500 and $3,500, and the remaining horses were worth approximately $3,000 collectively. There were two automobiles, a 1968 Chevrolet and a 1969 Ford Galaxy.

The respondent used $20,000 inherited from his mother's estate in the purchase of some of the real estate and had also borrowed $13,000 from Arthur Schwaninger. The petitioner testified that she inherited $1,000 from her father and that her mother loaned them the amount of the downpayment on a house and later forgave the indebtedness.

The decree of the District Court granted the care and custody of the two minor children to the petitioner, subject to reasonable visitation rights, and ordered the respondent to pay child support of $85 per child per month until each child shall reach majority or become fully self-supporting. The court also directed the respondent to maintain his present life insurance of $30,000, with the children as beneficiaries during the period of child support, and also required him to maintain health insurance for the children. The petitioner was granted the right to claim exemptions for both children for income tax purposes. The court also set aside to the petitioner as her sole and separate property, the newly constructed residence, together with a continuous 35 acres of real estate, which was to have reasonable road access. The property was set aside to the petitioner free and clear of all liens, debts, and encumbrances thereon; and the respondent, in lieu of further alimony, was ordered to hold petitioner harmless from any debts, encumbrances, or liens on said

property, and to remove any liens from the property as soon as possible and at least within 2 years from the date of the decree. All other real estate was assigned to the respondent, who was to assume the indebtedness and encumbrances thereon. The petitioner was granted all household goods and furnishings, and all the horses except the horse named Harmony. The petitioner was also granted both automobiles, one of them to be placed in the name of the minor son and the petitioner. The respondent was to have the right to receive and retain funds from all growing crops, cattle, farm equipment, and any income tax refunds, and the right to remove and keep a machine shed presumably located on the 35 acres assigned to the petitioner. Each party was to keep and retain bank accounts in his separate possession. The respondent was also directed to pay all debts of the parties existing at the time of filing of the petition in lieu of further alimony, and to hold petitioner harmless therefrom. Respondent was also charged with the costs of the action, including attorney's fees of $1,100 for the petitioner's attorneys.

The petitioner contends that the property and child support awards are insufficient, and that the court also erred in failing to award alimony.

The rules for determining alimony or division of property in a divorce action provide no mathematical formula by which such awards can be precisely determined. They are always to be determined by the facts in each case and courts will consider all pertinent facts in reaching an award that is just and equitable. Bliven v. Bliven, 190 Neb. 492, 209 N. W. 2d 168. On the record here the value of the real estate and residence received by the petitioner was somewhere between $55,000 and $66,000. This does not take into account the value of the horses, automobiles, or household goods and furnishings. The record also establishes that if

the real estate appraisal valuations based upon agricultural use of the land are accepted, the total value of all the property assigned to the respondent is approximately $5,000 more than the total amount of debts and liabilities, not including interest, which the respondent is required to assume and pay. Even if the real estate valuations were assumed to be midway between the valuations of the two expert witnesses, the petitioner's net property share was still at least arguably larger than the respondent's.

It might well be that petitioner received more than an equal division of the property, but in view of the unusual posture of this case on cross-appeal, the trial court's division should be approved. A judgment of a trial court fixing the amount of alimony, or making a distribution of property, will not be disturbed on appeal unless good cause is shown. Reisig v. Reisig, 191 Neb. 612, 216 N. W. 2d 731.

On the issue of the amount of child support, it should be noted that the decree grants to the petitioner the right to the personal exemptions of both children for income tax purposes. The decree also requires respondent to maintain life and health insurance for the children in addition to the specified support payments. The record shows that both parties are in good health and working. Petitioner's take-home pay of $343 per month is approximately half of the respondent's take-home pay of $700 per month. It is a fair assumption from the record that respondent's wages alone may be the sole source for the payment of child support, as well as for his own support.

In determining the amount of child support to be awarded, the status, character, and situation of the parties and all attendant circumstances must be considered. In determining those circumstances, the financial position of the husband as well as the estimated costs of support of the children must be taken into ac-

count. Any judgment of what is a fair amount of child support includes not only a consideration of the circumstances of the children but of the father as well. Bliven v. Bliven, *supra*. While the amount of child support may be somewhat small in an inflationary economy, it was not unreasonably so under the circumstances disclosed by the evidence.

Petitioner also makes some contentions with respect to the rights to a certain well. The bill of exceptions fails to disclose any factual basis to support the contention, nor was any possible issue on this point ever presented to or passed on by the trial court. Questions not presented to or passed on by the trial court will not be considered on appeal. Ford v. County of Perkins, 190 Neb. 304, 207 N. W. 2d 694.

The decree of the District Court is affirmed. Each party is to pay his or her own costs and fees.

AFFIRMED.