DEAN EDWARD WHEELER, APPELLEE, V. MARILYN WHEELER, APPELLANT.

228 N. W. 2d 594

Filed May 1, 1975. No. 39716.

Griffiths & Gildersleeve, for appellant.

Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellee.

Heard before SPENCER, CLINTON, and BRODKEY, JJ., and FLORY and WHITE, District Judges.

FLORY, District Judge.

The parties were married in 1960 when the petitioner, Dean Wheeler, was a freshman in the Kansas State University School of Veterinary Medicine. He was graduated in 1964. During this period of time respondent worked and contributed substantially to their living expenses while caring for their two children born in 1961 and 1963. After Dr. Wheeler's graduation they moved to Hebron, Nebraska, where he practiced for 1 year. In 1965 they moved to Tecumseh, Nebraska, where he practiced to the present time and continues to do so. Until 1969 he conducted his practice from his home with the respondent's assistance in taking care of the books, answering the phone, mixing medicines, and otherwise assisting him in his practice. In 1969 he formed a partner-

ship with another veterinarian in a new clinic building owned by the parties.

Dr. Wheeler left the family in October 1973, and filed this action for dissolution of the marriage. At the time of the trial in June 1974, both were 38 years old and in good health. Dr. Wheeler's share of the partnership income in 1972 was $27,807, in 1973, $28,851.16. He also receives $3,000 annually for the rental of the clinic building.

The decree dissolved the marriage, awarded custody of the children to the respondent, with reasonable visitation to the petitioner, and ordered the petitioner to pay child support in the amount of $125 per child per month and to pay for future medical and dental expenses required by the children.

The two principal items of property, the clinic building of the approximate value of $22,500, subject to an indebtedness of $12,308, was awarded to the petitioner together with his interest in the partnership; and the home, a modest residence on 6.9 acres in the country near Tecumseh of an approximate value of $20,000, subject to indebtedness of $15,432, household goods and personal property, plus $2,000 in cash was awarded to the respondent.

Other miscellaneous personal property was divided between the parties and petitioner was ordered to pay an attorney's fee of $750 for the respondent.

In addition petitioner was ordered to pay respondent as alimony $500 July 1, 1974, $300 a month for the next 6 months, $200 a month for the next 6 months, $175 per month for the next 24 months, and $100 a month for the next 36 months, a total of $11,300. Temporary allowances including cost of appeal, an additional attorney's fee of $300, child support, alimony, and mortgage payments were awarded respondent pending determination of this appeal. The record further shows that respondent is now employed by the State of Nebraska earning $2.566 per hour, expecting to work a 40-hour week,

for an approximate gross annual salary of $5,300, plus possible overtime, with health and life insurance furnished by the State.

Respondent has appealed contending that the property awarded her was inadequate and that the alimony and child support payments are inadequate. We think the division of property was reasonable and practical and it will not be disturbed.

Ordinarily the fixing of child support and alimony rests in the sound discretion of the court and, in the absence of an abuse of discretion, will not be disturbed on appeal. Sommers v. Sommers, 191 Neb. 361, 215 N. W. 2d 84; Reisig v. Reisig, 191 Neb. 612, 216 N. W. 2d 731.

The earning capacity of the husband is an element to be considered in the allowance of alimony. Sowder v. Sowder, 179 Neb. 29, 136 N. W. 2d 231.

In this case, considering the fact that the respondent contributed substantially to the education of the petitioner and assisted him during the early years of his practice, that he is now entering the period of peak earning potential, and the ages of the children, we believe that the child support should be increased to $150 per month per child and that the alimony awarded to the respondent should be increased to $20,100 by providing that the payments of $200 per month in the schedule of the trial court should continue at that rate for 89 months.

Respondent further contends that the decree should have provided for security for the payment of child support, alimony, and the mortgage payments on the clinic building and to provide for college education for the children.

With this we do not agree.

It is true that section 42-365, R. R. S. 1943, provides that reasonable security for payment of alimony may be required by the court; however, in our opinion such remedy should be invoked in the original decree only when compelling circumstances require it. Before the

present divorce law was enacted, section 42-323, R. R. S. 1943, of the prior divorce law, provided that the court could order sufficient security for the payment of alimony or child support and upon the neglect or refusal to give such security the court could appoint a receiver to take charge of his property. See Ford v. Ford, 101 Neb. 648, 164 N. W. 577, where this court said: "The order requiring security to be given and the one appointing a receiver are both somewhat extraordinary and drastic remedies. . . . The order requiring security should be made only as it appears to the court that such an order is necessary to make sure the payment of the alimony decreed. If such an order is made and not complied with, then the court, in appointing a receiver, should put into the hands of the receiver only so much of the husband's property as appears necessary to be held to make sure the payments due and to become due." See, also, Griess v. Griess, 161 Neb. 1, 71 N. W. 2d 513, where it was only after contempt proceedings were necessary that this court required the defendant to provide security for payment of child support.

Respondent seeks more security for herself and the children than the ordinary family has. Section 42-364, R. R. S. 1943, pertaining to child support, provides for subsequent changes when required after notice and hearing; and section 42-365, R. R. S. 1943, pertaining to alimony, provides for modification or revocation for good cause shown when alimony is allowed in the original decree.

Except for the modification as to child support and alimony, the decree of the District Court is affirmed. Respondent is awarded additional attorney's fees in this court in the amount of $600.

AFFIRMED AS MODIFIED.