JUDITH ANN McNAMARA CONNOLLY, APPELLANT, v. WILLIAM M. CONNOLLY, APPELLEE.
231 N. W. 2d 337

Filed July 3, 1975. No. 39869.

Cullan & Cullan and William D. Staley, for appellant.

Luebs, Tracy, Dowding, Beltzer & Leininger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an appeal from a decree of divorce. Petitioner Judith Ann Connolly assigns error in regard to the property division, alimony, and child support. We affirm the judgment of the District Court.

The parties were married August 29, 1959. They have four children who are now 15, 13, 11, and 10 years of age. Petitioner had been dissatisfied with the marriage almost from its inception and had contemplated divorce from time to time. At the time of the marriage respondent William M. Connolly was a student in Creighton Law School. During two of his college years Judith supported the family through her employment as a secretary except for William's earnings during summer recesses. After William's graduation financial contributions made by Judith were very minimal. Total assets of the parties amounted to $79,971.59 on the basis of petitioner's valuation of the real estate. On the same basis she received property valued at $24,410, $200 per month alimony for 60 months or $12,000, and the use of the home for 6 years. Respondent received property valued at approximately $58,803.71, was required to pay outstanding indebtedness of approximately $23,000, to maintain exterior house repairs, insurance, and taxes but can recover back the taxes and 9/20 of the insurance premiums if and when the house is sold. He was directed to pay the $200 per month alimony and $500 per month for child support plus taking care of drug, dental, or medical bills the children may incur. The net estate awarded respondent, after payment of debts, amounts to $35,803.71. Property and alimony awarded to petitioner, exclusive of the 6-year use of the residence, amounts to $36,410. It is apparent that the property and

alimony awarded petitioner amount to about the same as the property received by respondent and comprises fair and equal treatment of petitioner.

Respondent's income for 1971, 1972, and 1973 averaged approximately $55,000 per year before payment of income taxes. He no longer occupies the position of county attorney with a salary of $11,000 per year and all secretarial and office expenses paid. He is now a member of a law firm and draws $1,000 per month from the partnership fund with a division of partnership earnings over salaries and expenses on an annual basis. What his annual income will be in the future is not clear although respondent estimated his 1974 income at $25,000.

Petitioner is 34 years of age and a skilled secretary. She wishes to attend college and obtain a degree in sociology. She feels that she can do this and still give adequate attention to the four children but questions the sufficiency of the amount awarded for child support. In view of income taxes, the indebtedness respondent is required to pay necessitating monthly payments of $754.20 per month, payment of house insurance and taxes, his own living expenses, the children's dental and medical bills, and $500 per month child support, it is not clear at this time that he is in a position to contribute a larger sum for child support. Under all the circumstances existing at the time of trial and entry of decree, we are unable to note any abuse of discretion on the part of the trial court but, on the contrary, conclude that the decree is reasonable in all respects.

"A judgment of a trial court fixing the amount of alimony, or making a distribution of property, will not be disturbed on appeal unless good cause is shown." Reisig v. Reisig, 191 Neb. 612, 216 N. W. 2d 731.

"In determining the amount of child support to be awarded, the status, character, and situation of the parties and all attendant circumstances must be considered. In determining those circumstances, the financial position of the husband as well as the estimated costs of

support of the children must be taken into account." Schwaninger v. Schwaninger, 192 Neb. 681, 223 N. W. 2d 829.

The judgment of the District Court is affirmed. Costs, including an attorney's fee of $500 allowed petitioner's attorney for services in this court, are taxed to respondent.

AFFIRMED.