DOROTHY K. HERMANCE, APPELLEE, v. LYLE H. HERMANCE, APPELLANT.

235 N. W. 2d 231

Filed November 20, 1975. No. 39914.

Donald R. Hays, for appellant.

Phillips & Murphy, for appellee.

Robert M. O'Gara, guardian ad litem.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

Lyle H. Hermance has appealed to this court from a decree entered by the District Court for Lancaster County, in an action commenced by Dorothy K. Hermance, his wife, for a dissolution of the marriage of the parties. The trial court appointed Robert M. O'Gara as attorney for the minor children of the parties under section 42-358; R. S. Supp., 1974, and he participated both in the trial of the action in the District Court and also on appeal to this court. In this appeal, Lyle H. Hermance, the husband, assigns as error the action of the trial court in awarding custody of their three children to the wife, Dorothy K. Hermance, the provisions in the decree with reference to the husband's right of visitation, and the amount of the property settlement, alimony, and child support. No issue is raised in this appeal with reference to the finding of the trial court that the marriage of the parties was irretrievably broken. We affirm the judgment of the trial court as hereinafter modified. We shall discuss each of the foregoing assignments of error.

All parties conceded in their oral argument before this court that the trial court properly awarded custody of the children to their mother, and we therefore dispose of this assignment of error without the necessity of extended discussion in this opinion.

By way of background to a discussion of the propriety of the visitation rights awarded the father, it appears that at the time of the filing of the petition in this action, the parties resided on an acreage near Waverly, Nebraska, where Lyle taught vocational-agriculture

courses in the Waverly school system. Some time after the filing of the petition, Dorothy moved from the acreage and is now purchasing a home of her own. At the time of the trial Lane Alan Hermance, their oldest child, was 10 years of age; their daughter, Lori Ann, was 8 years of age, and the baby, Russell Joel, was 1 year old. Under the provisions of the decree entered by the trial court, the father was given rights of visitation with Lane and Lori, the older children, every other weekend, and rights of visitation with Russell, the youngest child every fourth weekend. It is further provided that beginning in June of each year, the father may have the two older children for a 10-week period; but he may have summer visitation rights with Russell, the youngest child, for a 1-week period during the summer of 1975, for a 2-week period during 1976, said term to increase by 1 week each summer thereafter until the visitation period is 10 weeks. The decree also provides that, during their summer visitation with the father, the mother shall have visitation rights every other weekend with the two older children and with the youngest child commencing in 1976. Mr. Hermance contends that the provisions for visitation should grant equal time for visitation for both parents, and that the provisions contained in the decree are unfair both to him and to Russell because Russell will be 11 years old before he is entitled to spend 10 weeks with his father each summer.

We conclude that while there may be some inconsistency and unequal treatment inherent in the above provision, the visitation schedule does not reveal an abuse of discretion. The issue is whether the provision for Russell is in his best interests. In view of Russell's age, it is necessary that he receive more attention, skill, and care than the two older children until he is older and more able to cope with longer separations from his normal environment. It is also possible that the presence of Russell as a small child during the 10 weeks that the older children are on the acreage with their father

would also restrict the enjoyment of the father and the older children. It should also be remembered that because of the father's occupation as a teacher, the amount of free time available to him during the summer months is limited. The court's decree clearly recognized the problems attending visitation rights with the youngest child and there was no abuse of discretion by the trial court in prescribing different conditions which were necessitated by the age of the youngest child, Russell.

We now turn to a discussion of the provisions of the decree pertaining to the property division and the alimony to Mrs. Hermance. At the outset, we wish to point out that the evidence with reference to the value of various items of property, both real estate and personal, is often conflicting and is less than satisfactory for the purpose of making an accurate determination as to the fairness of the division and award by the trial court. It appears from the record that the court awarded Mr. Hermance the acreage and home near Waverly, Nebraska, subject to a $12,500 mortgage, certain livestock and farm equipment, a Chevrolet pickup truck, certain furniture and household effects in his possession, and life insurance policies on his and the childrens' lives. It also appears that the court awarded to Mr. Hermance "any and all payments from the estates of respondent's parents," but it is not clear whether it was the intention of the court to include the approximately $6,000 he had already received during the marriage from those estates, or whether the court intended to award him only future payments of about $2,000 to be received from those estates.

Mrs. Hermance was awarded household goods in her possession, a 1960 Oldsmobile sedan, life insurance policies on her life, and also $14,400 awarded by the court in lieu of her share of real estate and other property awarded to Mr. Hermance. Under the terms of the decree the $14,400 is to be paid at the rate of $200 monthly for a period of 72 months. The court also awarded ali-

mony to Mrs. Hermance in the sum of $9,600, also payable at the rate of $200 per month commencing in November of 1980, at which time the property division award of $14,400 will have been paid off. While it is difficult, if not impossible, to determine accurately from the record the values of the property awarded to the respective parties, it would seem that the court intended the additional award of alimony to be considered as part of the total adjustment between the parties since the court provided that alimony payments should not commence until payment of the property award was concluded. If we consider only the amount of the respective property awards to the parties, we believe that Mr. Hermance received a substantially greater amount than did Mrs. Hermance. However, if we include the alimony award, it appears that Mrs. Hermance received an amount substantially in excess of 50 percent of the total estate.

The most important problem, as we see it, is whether the income of the father is sufficient to carry out the intention and the desires of the court as expressed in its decree which also reflected the wishes of the father and, to some extent, those of the mother that the children should be raised in a rural environment. Much testimony was adduced about the desirability of raising the children on the acreage, and of having access to the acreage for their activities in organizations such as the 4-H Club. Mrs. Hermance recognized the desirability of a farm atmosphere for her children, but preferred that it be provided in some way other than visits to the acreage in question.

It is apparent that a great deal of careful thought went into the court's determination, particularly in attempting to preserve the real estate intact, not forcing its sale, and yet enabling the husband to make payment to the wife for her share of the personal and real property and for the alimony. The court specifically provided in its decree that the two oldest children should

have the option, if they desire, to go to their father's rural acreage to care for livestock owned by them when involved in 4-H or similar programs. In addition, the court's action in providing that the property division and alimony sums to be paid consecutively rather than concurrently indicates both a desire that the husband retain the acreage, and an effort to arrange the payments by the husband to accomplish that purpose.

However, a résumé of the monthly payments required by the husband under the terms of the decree, and of other necessary expenses, reveals that the husband will have to sell the property to make such payments. While it appears from the record that Mr. Hermance' wages as a school teacher amount to $1,132 per month, or approximately $14,000 annually, his net take-home pay amounts to only $830.68 because of deductions from gross wages for taxes, insurance, retirement, and professional dues. Out of the $830 received by him as take-home pay, he is required each month to make payments of $375 representing child support at the rate of $125 per child, $200 as payment on the property division award, a $121 mortgage payment on the acreage, a $94 car payment, and utilities payments which he estimates to be in the neighborhood of $35. These items alone total $825 per month, leaving, as a matter of simple mathematics, a sum of $5 per month which is presumably free to squander in any way he wishes. The above figures do not include any amounts for food, clothing, other insurance, etc. It seems obvious that on a tight budget such as that set out above, even assuming that it is only an approximation, Mr. Hermance would have to sell the acreage, to the detriment of the children.

The law is well settled that an award of alimony or distribution of property will not be altered on appeal unless good cause is shown. Reisig v. Reisig, 191 Neb. 612, 216 N. W. 2d 731 (1974); Newton v. Newton, 188 Neb. 242, 196 N. W. 2d 116 (1972). We believe that the facts of this case, as recited above, constitute good

cause for modifying the decree of the trial court in order to accomplish the objective sought by the court and the parties. It seems clear to us that Mr. Hermance will have to have substantially more income to retain the acreage. Although, in the final argument of this case before this court, counsel for both the husband and the wife conceded that since the trial of this matter the husband had received an increase in salary which was estimated to be between $400 and $500 a year, this small increase would be insufficient to enable the husband to meet all his obligations and avoid selling the acreage. Since the avowed purpose of retaining the acreage is clearly for the good and welfare of the children involved, we think that both of the parents must cooperate to accomplish this purpose, even though the result may well be a decrease in the amount of various allowances made by the court. A summary of Mrs. Hermance' income and expenses reveals that under the terms of the decree she would be receiving $375 per month as child support and $200 per month on the property and/or alimony award. She also has monthly income of approximately $138 to $200 for work performed by her in the home where she is able to supervise the children. Her total projected income would be approximately $713 per month, most of which would be nontaxable. Her monthly expenses include a $167 mortgage payment on the home she is buying, utilities estimated at $25, food for herself and the children estimated at $150, car expenses of $44, and school lunch costs of $16, or a total monthly expense of approximately $402, leaving a balance available for other expenditures of approximately $311. Medical coverage for the children, excluding checkups and dental work, is provided in the insurance policy for which deductions are made from their father's paycheck. Although there are other expenses to be taken into consideration, including clothing for the children, it would seem that Mrs. Hermance can live quite comfortably on the income itemized above,

while the husband, to survive, would have to sell the acreage as a matter of economics.

In order to provide some measure of relief to the husband, we feel that the property award to the wife of $14,400 payable at the rate of $200 per month over a period of 72 months should be reduced to $8,640 payable at the rate of $120 per month over a period of 72 months. This modification would hopefully give Mr. Hermance extra funds for his expenses and allow him to keep the acreage.

Mr. Hermance also challenges the $9,600 alimony award to Mrs. Hermance claiming that it is excessive. We point out, however, that Mrs. Hermance did support the family while Mr. Hermance finished school. In the earlier years of her marriage, Mrs. Hermance was able to work outside the home at a salary substantially exceeding the income she is able to derive from doing work in her home updating telephone books. The record reveals that during a period of about 5 years when she was employed outside the home she was able to earn approximately $23,000 which presumably was used for the support of her husband and children during the time he was attending school. Although her two older children are at present attending school, the youngest child will not attend school full time for about 4 more years, and will require her continued presence in the home. In light of her contributions to the family during the 13 years of marriage, and considering the circumstances and abilities of the parties, we feel that the award of the court of alimony in the sum of $9,600, payable at the rate of $200 per month commencing in November 1980, is not excessive and no modification of the award is required.

Mr. Hermance also challenges the amount of child support awarded by the court. The court ordered Mr. Hermance to pay the sum of $125 per month for each child or a total of $375 monthly, with the specific provision that the obligation is suspended during the sum-

mer periods while the children visit their father. He claims that the amount is excessive and improper because the trial court failed to consider the earning capacity of each parent, as required by section 42-364(3), R. S. Supp., 1974. This court has held that in determining the amount of child support to be awarded, the status, character, and situation of the parties and attendant circumstances must be considered. In determining those circumstances, the financial position of the husband as well as the estimated costs of support of the children must be taken into account. Connolly v. Connolly, *ante* p. 241, 231 N. W. 2d 337 (1975); Schwaninger v. Schwaninger, 192 Neb. 681, 223 N. W. 2d 829 (1974). A decision on this matter rests in the sound discretion of the trial court and will not be disturbed on appeal unless it appears that the court abused its discretion. Sommers v. Sommers, 191 Neb. 361, 215 N. W. 2d 84 (1974). A survey of child support awards in other cases is of little or no help in deciding the amount to be awarded in this case, as it is difficult, if not impossible, to colormatch the facts of each case. While it appears that the amount of child support allowed in this case may possibly be a little on the high side, we are not prepared to say that the court abused its discretion in setting the amount of such award and are not disposed to modify the award of the District Court in that regard.

Robert M. O'Gara, counsel for the minor children in this appeal, is awarded the sum of $200 for his services in this court, to be taxed as costs to the appellant herein.

AFFIRMED AS MODIFIED.