O. WM. VON SEGGERN, ADMINISTRATOR WITH WILL
ANNEXED OF THE ESTATE OF VICTOR L. GRAF,
DECEASED, APPELLEE, V. WALTER J.
FREELAND, APPELLANT.

264 N. W. 2d 436

Filed April 12, 1978.   No. 41335.

Thomas A. Wagoner, for appellant.

O. Wm. Von Seggern of Cunningham, Blackburn, Von Seggern & Livingston, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

This is an action for specific performance of a contract for the sale of real estate contained in a lease option agreement.   The District Court granted specific performance and directed the defendant to convey the real estate to the plaintiff pursuant to the terms of the written agreement.   The defendant has appealed.

The facts are largely stipulated.   The defendant, Walter J. Freeland, was the owner of an 80-acre tract of land in Howard County, Nebraska.   Sometime in 1970, Victor L. Graf approached Freeland seeking to purchase the land.   The defendant first told Graf he was not interested in selling the land.   After further discussions Graf told the defendant that he intended to introduce a higher grade of cattle into the area and he needed a place for them.   The parties reached an oral agreement to lease the land for 5 years with an option to purchase at the end of

the lease. The defendant referred Graf to a law firm, who drafted a written farm lease with option to purchase. It was executed and acknowledged by Graf and Freeland on December 15, 1970. The lease was for a period of 5 years from the 15th day of December 1970, to the 14th day of December 1975, and the annual rental of $600 per year was payable in advance on the 15th day of December of each year. As additional rental the lessee agreed to pay all real estate taxes assessed against the premises during the term of the lease.

Paragraph 12 of the lease contained an option to purchase the premises upon the expiration of the term of the lease for the sum of $10,000 in cash. It required that written notice of the desire to exercise the option be given at least 6 months prior to the expiration of the lease. The final paragraph of the agreement provided: "In the event that the Lessee exercises his option, the Lessor agrees to convey such premises to the Lessee free and clear of all encumbrances."

The land was farmed by the Victor L. Graf ranch corporation from December 15, 1970, until September 19, 1974, when Victor L. Graf died. Rental payments were duly tendered and accepted by the defendant during that time and all tax payments were duly made. After Victor L. Graf's death, the farming operations continued and the 1974 and 1975 rental and tax payments were made by the estate of Victor L. Graf, or his surviving widow, and the rental payments were accepted by the defendant.

On June 6, 1975, the special administrator of the estate of Victor L. Graf, deceased, the plaintiff here, gave written notice to the defendant of the exercise of the option. The notice stated: "(T)he Estate of Victor L. Graf intends to, and hereby does exercise the option of Victor L. Graf to purchase from you the following described real estate, to-wit: (Legal description) for the price of $10,000.00 in cash, which

sum along with the outstanding rent will be tendered on or before December 15, 1975. All done pursuant to a Farm Lease with Option to Purchase signed by you and Victor L. Graf and dated the 15th day of December, 1970.''

Prior to December 15, 1975, plaintiff tendered a certified check in the amount of $10,000 to the defendant, together with a warranty deed form for the defendant's signature. The tender was refused and this action followed.

The defendant first contends that the failure to keep and maintain show cattle on the land was a violation of the terms of the lease and justifies the refusal to grant the equitable remedy of specific performance. There is no merit to the contention. Even if there had been a factual dispute as to whether there was an actual breach of some specific terms of the lease, defendant's acceptance of the rentals and benefits of the lease without objection would constitute a waiver. See Randall v. Erdman, 194 Neb. 390, 231 N. W. 2d 689.

Defendant also contends that the purchase option was intended to be personal to Victor L. Graf and could not be exercised by his estate or his heirs. The argument is that because the agreement provides for the manner in which the option might be exercised upon the death of Freeland but made no reference to the death of Graf, it indicates an intention that the option would not survive Graf's death. The argument is unconvincing. The lease itself provides: ''(T)he Lessee may assign this Lease to Victor L. Graf and Mary Ellen Graf as joint tenants or to a corporation organized by either or both of them in which the stock in such corporation is solely owned by the Lessor (sic) and his wife or either of them.''

The law is well settled in this jurisdiction that an option to purchase real estate contained in a lease agreement is not terminated by the death of the les-

see during the term and before the exercise of the option, in the absence of express limitation. Jamson v. Poulos, 184 Neb. 480, 168 N. W. 2d 526.

Defendant's final contention is that plaintiff's tender of the purchase price and demand for conveyance by warranty deed made in December 1975 constituted an alteration or addition to the purchase option and was not an acceptance but was a counteroffer, which was never accepted by the defendant. The defendant relies upon cases such as Master Laboratories, Inc. v. Chesnut, 154 Neb. 749, 49 N. W. 2d 693. That case is clearly distinguishable from the present one.

The exercise of the option in this case was made by the letter of June 6, 1975, which had no limitations whatever but, instead, was phrased in the exact language of the purchase option agreement. That letter was an unconditional and effective acceptance of the option and constituted a complete and binding contract between the parties.

The second distinction between the Master Laboratories case and this one is that in the Master case the option was entirely silent as to the character of the conveyance required. In this case the option agreement bound the defendant to convey the premises free and clear of all encumbrances. Of necessity, warranties were involved. In any event, the issue of the form of deed demanded was not raised in the pleadings nor testimony, and was not argued in the trial court, nor raised in a motion for a new trial. A question not presented to or passed on by the trial court will not be considered on appeal. Schwaninger v. Schwaninger, 192 Neb. 681, 223 N. W. 2d 829.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.