MARY CUNNINGHAM KOSNOPFL, APPELLEE AND
CROSS-APPELLANT, V. WILHELM WOLFGANG KOSNOPFL,
APPELLANT AND CROSS-APPELLEE.

293 N. W. 2d 854

Filed June 24, 1980. No. 42802.

William F. Abell, for appellant.

Knudsen, Berkheimer, Beam, Richardson & Endacott, for appellee.

Heard before BOSLAUGH, BRODKEY, and HASTINGS, JJ., and BUCKLEY and WINDRUM, District Judges.

BUCKLEY, District Judge.

In this action for dissolution of the marriage of the parties, the District Court for Lancaster County, Nebraska, dissolved the marriage, awarded custody of the one minor child to petitioner ˙Mary Kosnopfl (Mary), required respondent Wilhelm Kosnopfl (Wilhelm) to pay $225 per month child support, divided the property of the parties, and awarded Mary alimony in the sum of $12,000, payable at $200 per month for 5 years.

Wilhelm's only contention on appeal is that no alimony should have been awarded.

Wilhelm is a citizen of Austria. Mary, who was a Nebraska citizen working for the United Nations, met and married Wilhelm in Vienna, Austria, in 1973. They lived in Vienna very briefly, then came to Lincoln, Nebraska, in September of 1973. Wilhelm spent 10 days there visiting Mary's family, then left for Saudi Arabia, where he worked for a construction company for about 7 months, whereupon he returned to Lincoln and Mary, where the couple lived until their separation in May 1978.

While Wilhelm was in Saudi Arabia, Mary earned 6 hours of college credit that enabled her to get her degree. She then became employed by the Nebraska Educational Television Network, where she currently is a unit director. Her annual salary has increased gradually to about $10,300.

When Wilhelm returned to Lincoln from Saudi Arabia in May 1974, he worked until the end of that year, then enrolled as a full-time student at the University of Nebraska in January 1975. He obtained

his bachelors degree in 1976 and a masters degree in international marketing in 1978. While working toward his masters degree, he took a full-time job in 1977 with the Nebraska Department of Agriculture at an annual salary of $13,000. At the time of trial, he was about to move to Chicago to begin employment there in agricultural marketing at a beginning annual salary of $22,500, but was already considering employment in the Middle East which would pay substantially more.

Wilhelm very carefully analyzes the six areas of consideration set out in Neb. Rev. Stat. § 42-365 (Reissue 1978) for determining whether alimony is appropriate. He emphasizes the financial contributions of the parties to the marriage and contends they are virtually equal, thus concluding no alimony should be awarded. Mary disputes the amount of his earnings in Saudi Arabia and later in 1978 that he contributed to the marriage and asserts that the resulting difference in their financial contributions about equals the award of alimony.

It is not necessary to set forth the specific financial contributions of the parties or to resolve the dispute as to Wilhelm's.

In determining whether alimony should be awarded, in what amount, and over what period of time, the ultimate criterion under the statute as well as under the former decisions of this court is one of reasonableness. The relevant considerations will vary from case to case. *Magruder v. Magruder,* 190 Neb. 573, 209 N.W.2d 585 (1973). Although divorce cases are triable de novo upon appeal to this court, we have said repeatedly that the fixing of alimony or distribution of property rests in the sound discretion of the District Court and, in the absence of an abuse of discretion, will not be disturbed on appeal. *Witcig v. Witcig, ante* p. 307, 292 N.W.2d 788 (1980); *Schmer v. Schmer,* 197 Neb. 800, 251 N.W.2d 167 (1977).

Here, the relevant considerations are that Mary contributed her entire earnings to the marriage while Wilhelm got his bachelors and masters degrees from the University of Nebraska. This, in turn, enabled him to gain an earning capacity much greater than that of Mary and one with greater prospects for increase. The earning capacity of the husband is an element to be considered in the allowance of alimony. *Wheeler v. Wheeler,* 193 Neb. 615, 228 N.W.2d 594 (1975); *Sowder v. Sowder,* 179 Neb. 29, 136 N.W.2d 231 (1965). These considerations justify the award of alimony by the trial court, and we, therefore, find no abuse of discretion therein. See *Wheeler v. Wheeler.*

Mary cross-appeals from the trial court's failure to award her an attorney's fee. The award of attorney's fees is discretionary with the trial court and depends upon a variety of factors, including all the circumstances such as the amount of the division of property and alimony awarded, the earning capacity of the parties, and the general equities of the situation. *Brown v. Brown,* 199 Neb. 394, 259 N.W.2d 24 (1977). We find no abuse of discretion in not awarding Mary an attorney's fee in the court below.

The judgment of the trial court is affirmed. Mary is awarded the sum of $500 for the services of her attorney in this court.

AFFIRMED.