ANITRIA G. CARRUTH, APPELLANT, V. DANIEL D. CARRUTH, APPELLEE.

321 N.W.2d 912

Filed July 9, 1982. No. 44267.

Michael N. Schirber of Schirber Law Office, P.C., for appellant.

No appearance for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

In this action for dissolution of the marriage of the parties, the appellant wife, Anitria G. Carruth, appeals from that portion of the decree of the District Court of Nebraska, Second Judicial District, in and for Sarpy County, which relates to the division of property and awards certain allowances to her. We affirm the decree of the trial court, as modified.

As of the date of trial, January 6, 1981, appellant was 41 years of age and appellee, Daniel D. Carruth, was 48 years of age. They were married on June 10, 1961, and have four minor children ages 17, 16, 11, and 5 as of the date of dissolution. The appellant is a college graduate with a degree in psychology and earns a gross salary of $950 per month, yielding a net income of approximately $610 per month. The appellee is a retired major from the U. S. Air Force and receives a gross pension of $1,315 per month. He is not presently employed and has sought no employment, but testified that he could earn $1,000 per month.

The trial court awarded the family residence having an equity of approximately $37,736, household

goods valued at $3,701, an automobile having an equity of about $300, and alimony in the sum of $100 per year to Mrs. Carruth.

The decree ordered Mr. Carruth to pay child support of $200 per month for each of the two younger children and $100 per month for each of the two older children, for a total of $600 per month in child support payments. Mr. Carruth was awarded his military pension having a value, if he lives out his full life expectancy, of about $400,000. He was ordered to pay the family debts, except for the two mortgages on the residence and the mortgage on the automobile awarded to Mrs. Carruth.

We review this matter de novo. *Puetz v. Puetz,* 211 Neb. 674, 319 N.W.2d 761 (1982). In that connection we observe that one of the elements to be considered in the allowance of alimony is the earning capacity of the husband. *Kosnopfl v. Kosnopfl,* 206 Neb. 524, 293 N.W.2d 854 (1980); *Wheeler v. Wheeler,* 193 Neb. 615, 228 N.W.2d 594 (1975); *Stevens v. Stevens,* 184 Neb. 370, 167 N.W.2d 761 (1969); *Sowder v. Sowder,* 179 Neb. 29, 136 N.W.2d 231 (1965).

Although appellee's income is $1,315 per month, his earning capacity is $2,315 per month. See *Pyke v. Pyke, ante* p. 114, 321 N.W.2d 906 (1982).

Although Mrs. Carruth has earning capacity and is currently employed, the evidence establishes that her reasonable monthly expenses exceed her income and that Mr. Carruth's earning capacity is such that he can contribute more than $100 per year toward the support of his former wife.

Accordingly, we modify that portion of the District Court's decree which awards the appellant alimony of $100 per year and order the appellee to pay, through the office of the clerk of the District Court of Nebraska, Second Judicial District, in and for Sarpy County, alimony in the sum of $200 per month commencing the first day of July 1982, and a like amount

on the first day of each month thereafter until the death of the appellant or appellee, or until further order of the District Court. Remarriage of appellant shall not automatically terminate said alimony, but the court may consider the fact of appellant's remarriage in determining whether there has been such a change in circumstances as to warrant a modification or termination of alimony.

Appellant is awarded the sum of $750 to apply toward her attorney fees for services rendered in this court.

AFFIRMED AS MODIFIED.

McCOWN, J., dissenting.

I dissent from that portion of the opinion which provides that the alimony award does not terminate automatically upon the remarriage of the recipient. My reasons are set out in my dissent in *Pyke v. Pyke, ante* p. 114, 321 N.W.2d 906 (1982).